UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILLIP J. BARKETT, JR., <br><br> Plaintiff, <br><br> vs. <br><br> SOCIÈTÈ GÈNÈRALE, et al., <br><br> Defendants. | Civil Action No. 1:08-cv-02495-GEL <br><br> <u>CLASS ACTION</u> |
| CITY OF TAYLOR EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SOCIÈTÈ GÈNÈRALE GROUP, et al., <br><br> Defendants. | Civil Action No. 1:08-cv-02752-GEL <br><br> <u>CLASS ACTION</u> |
| HAROLD OBERKOTTER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SOCIÈTÈ GÈNÈRALE, et al., <br><br> Defendants. | Civil Action No. 1:08-cv-02901-GEL <br><br> <u>CLASS ACTION</u> |

MEMORANDUM IN SUPPORT OF THE MOTION OF THE INSTITUTIONAL INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

**Page**

I. PRELIMINARY STATEMENT ..................................................................................................1

II. FACTUAL BACKGROUND ...................................................................................................2

III. ARGUMENT ............................................................................................................................3

    A. The Actions Should Be Consolidated For All Purposes ..........................................3

    B. The Institutional Investor Group Should Be Appointed Lead Plaintiff ...................4

        1. The Procedure Required By the PSLRA .......................................................4

        2. The Institutional Investor Group Satisfies the "Lead Plaintiff" Requirements of the Exchange Act ...............................................................5

            a. The Institutional Investor Group Has Complied With the Exchange Act and Should Be Appointed Lead Plaintiff .................5

            b. The Institutional Investor Group Is Comprised of Precisely the Types of Lead Plaintiffs Congress Envisioned When It Passed the PSLRA ..................................................................................5

            c. The Institutional Investor Group Has the Requisite Financial Interest in the Relief Sought By the Class .......................6

            d. The Institutional Investor Group Otherwise Satisfies Rule 23 ..................................................................................................................6

    C. The Court Should Approve the Institutional Investor Group's Choice of Counsel ......................................................................................................................9

IV. CONCLUSION .......................................................................................................................10

Page

**CASES**

*Ferrari v. Impath, Inc.*,
No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898
(S.D.N.Y. July 15, 2004) ...................................................................................................2, 8

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) .........................................................................................5

*In re Enron Corp. Sec. Litig.*,
No. H-01-3624, 2005 U.S. Dist. LEXIS 39867
(S.D. Tex. Dec. 22, 2005) ....................................................................................................9

*In re Global Crossing Sec. & ERISA Litig.*,
No. 02-md-1472, 2004 U.S. Dist. LEXIS 23946
(S.D.N.Y. Nov. 23, 2004) ....................................................................................................8

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) ...............................................................................................3

*Lax v. First Merchants Acceptance Corp.*,
No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866
(N.D. Ill. Aug. 6, 1997) ........................................................................................................7

*Rossini v. Ogilvy & Mather, Inc.*,
798 F.2d 590 (2d Cir. 1986) .................................................................................................7

*Sofran v. LaBranche & Co.*,
220 F.R.D. 398 (S.D.N.Y. 2004) .........................................................................................7

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4 ........................................................................................................................4, 5, 7, 9
§78j .........................................................................................................................................1
§78t .........................................................................................................................................1

17 C.F.R.
§240.10b-5 .............................................................................................................................1

Federal Rules Of Civil Procedure
42(a) .......................................................................................................................................3
23 ................................................................................................................................. *passim*

I.      **PRELIMINARY STATEMENT**

Presently pending before this Court are at least three-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired the American Depositary Receipts ("ADRs") of Société Générale Group ("SocGen" or the "Company") and all U.S. residents and citizens who purchased SocGen securities on any exchange (the "Class") between August 1, 2005 and January 23, 2008, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investors Vermont Pension Investment Committee,[1] Boilermaker-Blacksmith National Pension Fund, United Food and Commercial Workers Union-Employer Pension Fund and United Food and Commercial Workers Union Local 880 - Retail Food Employers Joint Pension Fund (collectively, the "Institutional Investor Group") hereby move this Court for an Order to: (i) consolidate the Actions; (ii) appoint the Institutional Investor Group as Lead Plaintiff in the Actions under Section 21D of the Exchange Act; and (iii) approve the Institutional Investor Group's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that the Institutional Investor Group is the most adequate plaintiff, as defined by the PSLRA. The members of the Institutional Investor Group are precisely the type of institutional investors that Congress sought to summon and empower when it enacted the

---

[1]     The Attorney General for the State of Vermont has the authority to represent agencies of the State of Vermont, including the Vermont Pension Investment Committee, in securities class actions. The Attorney General's office intends to work closely with its proposed Lead Counsel to protect the interests of the State of Vermont, the Vermont Pension Investment Committee and the Class.

PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 15, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as institutional investors, the members of the Institutional Investor Group are accustomed to acting as fiduciaries and their experience in legal and financial matters will substantially benefit the class.

The Institutional Investor Group collectively suffered losses of approximately $6,847,909.85 in connection with its purchases of SocGen securities[2] during the Class Period. *See* Rudman Decl. Ex. B.[3] To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, the Institutional Investor Group, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND[4]

SocGen is one of the largest French banking groups, operating in network banking, retail banking, finance and investment banking and asset management services worldwide.

The complaint charges SocGen and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that, during the Class Period, defendants made gross

---

[2]    The members of the Institutional Investor Group purchased ADRs of SocGen as well as common shares of SocGen.

[3]    References to the "Rudman Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Samuel H. Rudman dated May 12, 2008, and submitted herewith.

[4]    These facts are drawn from the allegations in the action entitled *City of Taylor Employees Retirement System vs. Société Générale Group, et al.*, Civil Action No. 1:08-cv-02752-GEL.

misrepresentations about the value of SocGen's securities and the quality of its internal controls and risk management. Defendants' misrepresentations began to be disclosed on January 24, 2008, when SocGen issued a public statement claiming that a trader named Jerôme Kerviel ("Kerviel") had risked tens of billions of euros on behalf of the Company, causing several billion in losses, and that the Company's publicly reported financial results failed to disclose billions more in losses related to subprime real estate in the U.S.

SocGen's stock price dropped over $3.00 per share in one day when SocGen's trading and subprime losses were disclosed on January 24, 2008. Thereafter, it came to light that Robert A. Day, a SocGen board member and founder of Trust Company of the West, in which SocGen owns a major stake, had secretly disposed of $206 million of SocGen stock owned and/or controlled by him before SocGen's balance sheet manipulations were publicly revealed and long after SocGen's executives were advised of the Kerviel trades and perjuries.

## III. ARGUMENT

### A. The Actions Should Be Consolidated For All Purposes

The Actions each assert claims, on behalf of the Class of SocGen investors, for alleged violations of the Exchange Act during the relevant time period.  The Actions name the same defendants and involve the same factual and legal issues.  They are each brought by investors of SocGen during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of SocGen securities at all relevant times.  Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  That test is met here and, accordingly, the Actions should be consolidated.

### B.       The Institutional Investor Group Should Be Appointed Lead Plaintiff

####       1.       The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the action entitled *Phillip J. Barkett, Jr., vs. Sȯcietė Gėnėrale, et al.* caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national, business-oriented newswire service, on March 12, 2008. *See* Rudman Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

> **2.      The Institutional Investor Group Satisfies the "Lead Plaintiff" Requirements of the Exchange Act**
>
> **a.      The Institutional Investor Group Has Complied With the Exchange Act and Should Be Appointed Lead Plaintiff**

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on May 12, 2008.  Pursuant to the provisions of the PSLRA, and within the requisite time frame after publication of the required notice (published on March 12, 2008), the Institutional Investor Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The members of the Institutional Investor Group have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class.  *See* Rudman Decl. Ex. C.  In addition, the Institutional Investor Group has selected and retained competent counsel to represent them and the class.  *See* Rudman Decl. Ex. D.  Accordingly, the Institutional Investor Group has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

> **b.      The Institutional Investor Group Is Comprised of Precisely the Types of Lead Plaintiffs Congress Envisioned When It Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference

Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. The members of the Institutional Investor Group, as institutional investors, are precisely the type of Lead Plaintiffs Congress envisioned when it passed the PSLRA. *See id*. ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

### c. The Institutional Investor Group Has the Requisite Financial Interest in the Relief Sought By the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Rudman Decl. Ex. C, the Institutional Investor Group purchased SocGen securities in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, the Institutional Investor Group incurred a substantial $6,847,909.85 loss on its transactions in SocGen securities that are covered by this class action. The Institutional Investor Group thus has a significant financial interest in this case. Therefore, the Institutional Investor Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d. The Institutional Investor Group Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party

- 6 -

may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 6, 1997). The Institutional Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of

the class does not mean, however, that the claims must be identical. *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *18.

The members of the Institutional Investor Group satisfy this requirement because, just like all other class members, they: (1) purchased the relevant SocGen securities during the Class Period; (2) purchased their SocGen securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Institutional Investor Group's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Institutional Investor Group to represent the class to the existence of any conflicts between the interest of the Institutional Investor Group and the members of the class. The Court must evaluate adequacy of representation by considering (i) whether the class representatives' claims conflict with those of the class and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02-md-1472, 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, the members of the Institutional Investor Group are adequate representatives of the class. As evidenced by the injuries suffered by the Institutional Investor Group, who purchased SocGen securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the Institutional Investor Group are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Institutional Investor Group's interests and those of the other members of the class. Further, the Institutional Investor Group has taken significant steps which demonstrate it will protect the interests of the class: it has

retained competent and experienced counsel to prosecute these claims. In addition, as shown below, the Institutional Investor Group's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Institutional Investor Group *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve the Institutional Investor Group's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the Institutional Investor Group has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Rudman Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve the Institutional Investor Group's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, the Institutional Investor Group respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint the Institutional Investor Group as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED: May 12, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP


/s/ *Samuel H. Rudman*
SAMUEL H. RUDMAN

SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
PATRICK W. DANIELS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
RANDI D. BANDMAN
52 Duane Street, 7th Floor
New York, NY 10007
Telephone: 212/693-1058
212/693-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

I:\Societe Generale\LP Motion\LP Memo.doc

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on May 12, 2008, I caused a true and correct copy of the attached:

>Notice Of Motion For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;

>Memorandum In Support Of The Institutional Investor Group For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel; and

>Declaration Of Samuel H. Rudman In Support Of The Motion Of The Institutional Investor Group For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel on the attached service list.

          /s/ *Mario Alba Jr.*
          Mario Alba Jr.

SOCIETE GENERALE

Service List - 5/8/2008    (08-0049)

Page 1 of 1

**Counsel For Defendant(s)**

| | |
|---|---|
| Joseph Serino, Jr. | Scott D. Musoff |
| Mark Holscher | Joseph A. Matteo |
| Kirkland & Ellis LLP | Skadden, Arps, Slate, Meagher & Flom LLP |
| Citicorp Center, 153 East 53rd Street | Four Times Square |
| New York, NY 10022-4675 | New York, NY 10036 |
| 212/446-4800 | 212/735-3000 |
| 212/446-4900 (Fax) | 212/735-2000 (Fax) |

**Counsel For Plaintiff(s)**

| | |
|---|---|
| Elizabeth A. Berney | Steven J. Toll |
| Cohen, Milstein, Hausfeld & Toll, P.L.L.C. | Daniel S. Sommers |
| 150 East 52nd Street, 13th Floor | Matthew K. Handley |
| New York, NY 10022 | Cohen, Milstein, Hausfeld & Toll, P.L.L.C. |
| 212/838-7797 | 1100 New York Ave., N.W., Suite 500 |
| 212/838-7745 (Fax) | Washington, DC 20005-3964 |
| | 202/408-4600 |
| | 202/408-4699 (Fax) |
| Samuel H. Rudman | Jules Brody |
| David A. Rosenfeld | Stull, Stull & Brody |
| Mario Alba, Jr. | 6 East 45th Street, 4th Floor |
| Coughlin Stoia Geller Rudman & Robbins LLP | New York, NY 10017 |
| 58 South Service Road, Suite 200 | 212/687-7230 |
| Melville, NY 11747 | 212/490-2022 (Fax) |
| 631/367-7100 | |
| 631/367-1173 (Fax) | |

Joseph H. Weiss
James E. Tullman
Richard A. Acocelli
Weiss & Lurie
551 Fifth Avenue, Suite 1600
New York, NY 10176
  212/682-3025
  212/682-3010 (Fax)