UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x
PHILLIP J. BARKETT, JR., : Civil Action No. 1:08-cv-02495-GEL
          :
    Plaintiff, : <u>CLASS ACTION</u>
          :
 vs. :
          :
SOCIÉTÉ GÉNÉRALE, et al., :
          :
    Defendants. :
—————————————————————— 
CITY OF TAYLOR EMPLOYEES : Civil Action No. 1:08-cv-02752-GEL
RETIREMENT SYSTEM, Individually and on :
Behalf of All Others Similarly Situated, : <u>CLASS ACTION</u>
          :
    Plaintiff, :
          :
 vs. :
          :
SOCIÉTÉ GÉNÉRALE GROUP, et al., :
          :
    Defendants. :
          :
—————————————————————— 
HAROLD OBERKOTTER, Individually and : Civil Action No. 1:08-cv-02901-GEL
on Behalf of All Others Similarly Situated, :
          : <u>CLASS ACTION</u>
    Plaintiff, :
          :
 vs. :
          :
SOCIÉTÉ GÉNÉRALE, et al., :
          :
    Defendants. :
—————————————————————— x

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE INSTITUTIONAL
INVESTOR GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND IN
OPPOSITION TO THE COMPETING MOTIONS

# TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ..................................................................................1

II.  ARGUMENT ...........................................................................................................3

    A.   The Procedures Required by the PSLRA for the Appointment of Lead
        Plaintiff ......................................................................................................3

        1.   The Institutional Investor Group Has the Largest Financial Interest
            in This Litigation...........................................................................4

        2.   The Institutional Investor Group Satisfies the Requirements of
            Rule 23 .........................................................................................7

            (i)   The Institutional Investor Group's Claims Are Typical of
                the Claims of the Class ......................................................7

            (ii)  The Institutional Investor Group Will Fairly and
                Adequately Protect the Interests of the Class .................8

    B.   The Competing Motions Should Be Denied.......................................................10

III. CONCLUSION........................................................................................................11

*Barnet v. Elan Corp., PLC.*,
    236 F.R.D. 158 (S.D.N.Y. 2005) ...........................................................6

*Ferrari v. Impath*,
    03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898
    (S.D.N.Y. July 20, 2004) ...............................................................4, 8

*In re Adelphia Commc'ns. Corp. Sec. & Derivative Litig.*,
    No. 03 MD 1529 (LMM), 2005 U.S. Dist. LEXIS 19052
    (S.D.N.Y. Sept. 1, 2005)...................................................................9

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) .......................................................7, 10

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)..............................................................4

*In re Comverse Tech., Inc. Sec. Litig.*,
    06-CV-1825, 2006 U.S. Dist. LEXIS 69900
     (E.D.N.Y. Sept. 27, 2006)................................................................6

*In re Enron Corp. Sec. Litig.*,
    No. H-01-3624, 2005 U.S. Dist. LEXIS 39867
    (S.D. Tex. Dec. 22, 2005) ................................................................9

*In re XM Satellite Radio Holdings Sec. Litig.*,
    237 F.R.D. 13 (D.D.C. 2006)............................................................4

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ........................................................4

*Lax v. First Merchants Acceptance Corp.*,
    Case No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866
    (N.D. Ill. Aug. 11, 1997)..................................................................6

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
    05-cv-4617 (RJH), 2006 U.S. Dist. LEXIS 3028
    (S.D.N.Y. Jan. 24, 2006)..................................................................4

*Xianglin Shi v. SINA Corp.*,
    No. 05 Civ 2154 (NRB), 2005 U.S. Dist. LEXIS 13176
    (S.D.N.Y. July 1, 2005) ...................................................................4

**Page**

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §78u-4 ................................................................................................................... *passim*

Federal Rules of Civil Procedure
    Rule 23(a).........................................................................................................2, 3, 7, 8

## SECONDARY AUTHORITIES

Rep. No. 104-369, 104th.................................................................................................9

Institutional Investors Vermont Pension Investment Committee ("VPIC"), Boilermaker-Blacksmith National Pension Fund ("Boilermaker-Blacksmith Fund"), United Food and Commercial Workers Union-Employer Pension Fund ("UFCW") and United Food and Commercial Workers Union Local 880 - Retail Food Employers Joint Pension Fund ("UFCW 880") (collectively, the "Institutional Investor Group") respectfully submit this memorandum of law in further support of their motion for consolidation, appointment as Lead Plaintiff and for approval of their selection of Lead Counsel and in opposition to the competing motions.

## I.    PRELIMINARY STATEMENT

On May 12, 2008, five motions were filed in the above-captioned actions, each one seeking consolidation of the actions, appointment of the respective movant as Lead Plaintiff and approval of each movant's selection of counsel as Lead Counsel.   The movants are as follows: (1) the Institutional Investor Group; (2) Oklahoma Firefighters Pension and Retirement System ("Oklahoma"); (3) New Jersey Carpenters Annuity and Pension Funds (the "New Jersey Funds Group"); (4) Police and Fire Retirement System of the City of Detroit ("PFRS")[1]; and (5) Harold Oberkotter.

All movants agree that the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of [the] class members" in this litigation. 15 U.S.C. §78u-4(a)(3)(B)(i).  There is also no dispute that, pursuant to the PSLRA, the presumptively most adequate plaintiff is the one that (1) "has the largest financial

---

[1]    On May 19, 2008, PFRS withdrew its motion, citing the larger financial interest of the other movants.  On May 21, 2008, this Court granted PFRS's motion to withdraw.

interest in the relief sought by the class," and (2) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).

With a financial interest in this litigation of over $6.8 million, the Institutional Investor Group clearly has the largest financial interest in this litigation.  Indeed, VPIC, one of the members of the Institutional Investor Group, ***alone*** has a larger financial interest than all of the competing movants ***combined***.  Moreover, as detailed herein, the Institutional Investor Group, a cohesive group of four sophisticated institutional investors, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Its members purchased both American Depositary Receipts ("ADRs") of Société Générale Group ("SocGen" or the "Company"), and common shares of SocGen and their claims are typical of the rest of the Class.  The members of the Institutional Investor Group have also submitted a joint declaration which further illustrates their commitment to diligently pursue the claims in this case on behalf of the Class.  *See* Institutional Investor Group's Joint Declaration in Further Support of Its Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel (attached hereto as Exhibit A) (the "Joint Declaration").  Moreover, the members of the Institutional Investor Group are large pension funds and retirement systems with experienced advisors and counsel, including, for example, the Attorney General for the State of Vermont, whose office intends to work closely with its proposed co-Lead Plaintiffs and with attorneys at Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to protect the interests of the VPIC, proposed co-Lead Plaintiffs and the Class.  As such, the Institutional Investor Group is the presumptive Lead Plaintiff and its motion should be granted.

For these reasons, and as described more fully below and in the Institutional Investor Group's prior submission, the Institutional Investor Group should be appointed Lead Plaintiff, its choice of Lead Counsel should be approved and the competing motions should be denied.

## II.     ARGUMENT

### A.     The Procedures Required by the PSLRA for the Appointment of Lead Plaintiff

Section 21D of the PSLRA provides that, in securities class actions, courts "shall appoint as lead plaintiff(s) the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  In determining which class member is "the most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the ***person or group of persons*** that
>
> (aa) has either filed the complaint or made a motion in response to a notice ...
>
> (bb) in the determination of the court, has the ***largest financial interest*** in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (emphasis added.).

As set forth herein, the Institutional Investor Group – a small, cohesive group of four institutional investors that includes purchasers of both SocGen ADRs and common shares – is the presumptive Lead Plaintiff and none of the other movants can offer any type of proof to rebut that presumption.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (stating that "proof" is required to rebut the presumption afforded to the presumptive lead plaintiff).  Indeed, this Court, other courts in this District, and courts across the country routinely appoint groups of investors, such as the Institutional Investor Group, as Lead Plaintiff pursuant to the PSLRA.  *See e.g., In re Refco, Inc. Sec. Litig.*, 05 Civ. 8626 (GEL) (S.D.N.Y. Feb. 8, 2006) (appointing a group of investors as Lead Plaintiffs) (attached hereto as Exhibit B); *In re Global Crossing Access Charge Litigation*, 04 MD 1630 (GEL) (S.D.N.Y. Dec. 17, 2004) (same) (attached hereto as Exhibit C); *Demarco, et al. v. Robertson*

*Stephens*, *et al,* 1:03-cv-00590-GEL (same) (docket entry #7) (docket attached hereto as Exhibit D); *Mann, et al. v. Worldwide Xceed, et al,* 1:01-cv-01125-GEL (docket entry #11) (same) (docket attached hereto as Exhibit E); *In re: Allied Capital*, 1:02-cv-03812-GEL (docket entry #16) (same) (docket attached hereto as Exhibit F); *Reimer v. Ambac Fin. Group, Inc.,* 08 Civ. 411 (NRB), 2008 U.S. Dist. LEXIS 38729 S.D.N.Y. (May 9, 2008) (same); *Xianglin Shi v. SINA Corp.*, No. 05 Civ. 2154 (NRB), 2005 U.S. Dist. LEXIS 13176 (S.D.N.Y. July 1, 2005) (same); *Ferrari v. Impath*, 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 20, 2004) (same); *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 20 (D.D.C. 2006) (same); *In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) (same).

Thus, the appointment of the four members of the Institutional Investor Group as Lead Plaintiff is proper.

### 1.   The Institutional Investor Group Has the Largest Financial Interest in this Litigation

Courts have noted that the determining factor in appointing lead plaintiff is the second statutory requirement, *i.e.*, the amount of financial interest claimed.  *See Yeroushalami v. DHB Industries, Inc., et al.,* CV-05-4296 (JS) (ETB) (Report and Recommendations) at *17 (E.D.N.Y. Jan. 9, 2006) (attached hereto as Exhibit G)("Indeed, the factor that most significantly distinguishes the proposed lead plaintiffs, and the factor the Court is directed to consider under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), is the financial relief sought by each movant, based on the proposed lead plaintiffs' amount of alleged loss.").  While the PSLRA does not specify how to decide which plaintiff has the "largest financial interest" in the relief sought, it is often determined most simply by which potential lead plaintiff has suffered the greatest total losses.  *See Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (stating that courts place the most emphasis on "the approximate loss suffered by the movant"); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 05-cv-4617 (RJH), 2006

U.S. Dist. LEXIS 3028, *13-14 (S.D.N.Y. Jan. 24, 2006) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period"). The size of a movant's losses are either calculated using the "first-in/first-out" ("FIFO")[2] method or the "last-in/first-out" ("LIFO")[3] method.  Using either methodology, the Institutional Investor Group has the largest financial interest in this litigation.  For example, under FIFO, the movants' losses are as follows:

| Movant | FIFO Losses |
|---|---|
| **The Institutional Investor Group** | **$6,847,909.85** |
| Oklahoma | $1,689,734.26[4] |
| New Jersey Funds Group | $1,406,440.02 |
| Harold Oberkotter | $41,480.60 |

Moreover, under LIFO, the movants' losses are as follows:

| Movant | LIFO Losses |
|---|---|
| **The Institutional Investor Group** | **$3,736,467.58** |
| Oklahoma | $1,689,734.26 |
| New Jersey Funds Group | $1,406,440.02 |
| Harold Oberkotter | $41,480.60 |

---

[2]     Under the "first-in/first-out" ("FIFO") method, shares sold during the Class Period are matched with the first shares held or purchased at the beginning of the Class Period, whichever comes first.

[3]     Under the "last-in/first-out" ("LIFO") method, a plaintiff's sales of the defendant's stock during the Class Period are matched against the last shares purchased, resulting in an off-set of Class Period gains from a plaintiff's ultimate losses.

[4]     In its opening motion, Oklahoma claims losses of 1,157,035.24 Euros.  For the convenience of the Court, counsel for the Institutional Investor Group used the exchange rate of 1.4604 – the exchange rate on January 24, 2008, the day after the end of the Class Period – to calculate Oklahoma's financial interest in US dollars.

In addition to the size of a movant's losses, courts have also looked at other factors in determining a movant's financial interest, the so-called four factor test. *See Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 11, 1997). The four factors are: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *See In re Comverse Tech., Inc. Sec. Litig.,* 06-CV-1825 (NGG) (RER), 2006 U.S. Dist. LEXIS 69900, at *4 (E.D.N.Y. Sept. 27, 2006). The following chart analyzes the competing movants under the four factor test:

| Movant | # of Shares Purchased | Number of Net Shares Purchased | Net Funds Expended | FIFO Loss | LIFO Loss |
|---|---|---|---|---|---|
| **The Institutional Investor Group** | **143,566** | **86,681** | **$10,413,158.06** | **$6,847,909.85** | **$3,736,467.58** |
| Oklahoma | 27,896 | 6,354 | $2,183,076.95 | $1,689,734.26 | $1,689,734.26 |
| New Jersey Funds Group | 105,360 | 105,360 | $3,704,885.42 | $1,406,440.02 | $1,406,440.02 |
| Harold Oberkotter | 4,000 | 4,000 | $127,115.00 | $41,480.60 | $41,480.60 |

Accordingly, under the four factor test – or any other analysis of financial interest – the Institutional Investor Group has by far the largest financial interest among the various movants. Moreover, VPIC, one of its members, has a larger ***individual loss*** ($3,442,044.21) than all of the competing movants ***combined***. *See Barnet v. Elan Corp., PLC.*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) ("even were the Court to deconstruct the Group, two of its individual members would still have the 'largest financial interest' pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)"). Thus, there can be no legitimate challenge to the Institutional Investor Group's claim that it has the largest financial interest.

### 2.     The Institutional Investor Group Satisfies the Requirements of Rule 23

Under the PSLRA, once a court finds that a movant has the largest financial interest in the litigation and is otherwise adequate and typical, as is the case with the Institutional Investor Group here, the court must appoint that plaintiff as Lead Plaintiff unless the court finds that the movant has not made a *prima facie* showing of adequacy and typicality. *See In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). In this regard, the court in Cavanaugh stated:

> [A] straightforward application of the statutory scheme, as outlined above, provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and [should] be limited to determining whether he satisfies the other statutory requirements.

306 F.3d at 732.

### (i)     The Institutional Investor Group's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. The Institutional Investor Group's claims are typical of the claims of the rest of the class because, just like other class members, the members of the Institutional Investor Group purchased ADRs of SocGen, as well as common shares, during the Class Period in reliance upon the allegedly materially false and misleading statements issued by Defendants, and suffered damages thereby. In fact, the Institutional Investor Group is the only movant who purchased both ADRs and common shares of SocGen, ensuring that the interests of purchasers of all relevant securities will be properly represented. Thus, the Institutional Investor Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. *See Reimer,* 2008 U.S. Dist. LEXIS 38729, at *12 ("Typicality is satisfied when each class

member's claim arises from the same course of events, and each class member makes similar legal

arguments to prove the defendant's liability.").

(ii)       **The Institutional Investor Group Will Fairly and**
          **Adequately Protect the Interests of the Class**

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the

interests of the class."  As evidenced by the injuries suffered by the Institutional Investor Group,

who purchased the relevant SocGen securities at prices allegedly artificially inflated by Defendants'

materially false and misleading statements, the interests of the Institutional Investor Group are

clearly aligned with the interests of the members of the class, and there is no evidence of any

antagonism between the Institutional Investor Group's interests and those of the other members of

the class.

Additionally, the members of the Institutional Investor Group are precisely the types of

institutional investors that Congress sought to summon and empower when it enacted the PSLRA.

*See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *10 (holding that the purpose behind the PSLRA is

best achieved by encouraging institutional investors to serve as lead plaintiffs).  Moreover, as

institutional investors, the members of the Institutional Investor Group are accustomed to acting as

fiduciaries and their experience in legal and financial matters will substantially benefit the class.

In fact, Congress, in passing the PSLRA, expressed a strong preference for plaintiffs, such as

the members of the Institutional Investor Group, to be appointed lead plaintiff.  The legislative

history of the PSLRA demonstrates this clear Congressional intent:

> The Conference Committee seeks to increase the likelihood that institutional
> investors will serve as lead plaintiffs. . . .  The Conference Committee believes
> that . . . with pension funds accounting for $4.5 trillion or nearly half of the
> institutional assets [of the equity market] . . . institutional investors and other class
> members with large amounts at stake will represent the interests of the plaintiff class
> more effectively than class members with small amounts at stake.

- 8 -

House Conf. Rep. No. 104-369, 104th Cong. 1st Sess. at 34 (1995); *In re Adelphia Commc'ns. Corp. Sec. & Derivative Litig.*, No. 03 MD 1529 (LMM), 2005 U.S. Dist. LEXIS 19052, at *4-*6 (S.D.N.Y. Sept. 1, 2005).

      The adequacy of the Institutional Investor Group is further supported by the actions that its members have taken so far in this case. As an initial matter, and as detailed in the Joint Declaration, the members of the Institutional Investor Group understand that they have a fiduciary duty to the Class, if appointed as Lead Plaintiff. *See* Joint Declaration at ¶7. With that understanding in mind, they have jointly discussed a plan of action to pursue this case that will ensure vigorous representation on behalf of the Class. *Id.* at ¶6. This includes, among other things, their implementation of decision-making and communication procedures that are designed to maximize the size of any recovery. *Id.* at ¶10. They also believe that their collective resources and experiences will provide additional benefits to the Class. *Id.* at ¶6. Importantly, the members of the Institutional Investor Group are committed to actively staying involved in the monitoring and oversight of this litigation and are prepared to attend hearings, depositions and a trial, if necessary, as well as continuing to oversee the filing and preparation of pleadings by counsel.

      The Institutional Investor Group has also proposed Coughlin Stoia as Lead Counsel, based on the firm's substantial experience, expertise and success in prosecuting securities class actions. *Id.* at ¶9. This experience includes its serving as sole Lead Counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action.

      Coughlin Stoia is also particularly experienced in prosecuting litigations involving multi-national corporations like SocGen, where evidence may be located throughout the world. For

example, Coughlin Stoia attorneys have served or currently serve as Lead Counsel or class counsel in actions involving Vivendi (a French corporation), UBS (Swiss banking group), Vodafone (UK company, with allegations of fraud related to its German operations), Oracle (depositions and documents located in Korea and Denmark), BAE (UK company in case focused on Saudi and South African arms deals), BP (UK oil company), GlaxoSmithKline plc (UK pharmaceuticals), Adecco (Swiss employment agency) and Alstom (French industrial group), among others.  Coughlin Stoia has already established relationships with French counsel and counsel in London who will be of assistance in identifying, gathering and translating, if necessary, evidence from witnesses, regulators and any civil, criminal or regulatory actions that may be proceeding in France.  Attorneys from Couglin Stoia have already identified and been in contact with key witnesses to the events that are the subject of this action and have already conducted interviews and meetings in France, with many more scheduled in the upcoming months.  Coughlin Stoia attorneys are also well-acquainted with the accounting methodologies utilized by SocGen and other European companies and how those methods compare with the U.S. standards and methodologies.  Thus, the Institutional Investor Group's selection  of Coughlin Stoia as proposed Lead Counsel provides further evidence of its adequacy to serve as Lead Plaintiff in this case.

Accordingly, the Institutional Investor Group should be appointed as Lead Plaintiff because its losses are larger than any other Lead Plaintiff movant, and it is otherwise adequate and typical for the purposes of this motion.

### B.     The Competing Motions Should Be Denied

The competing motions should be denied because their respective financial interests are far smaller than the Institutional Investor Group's loss of more than $6.8 million.  *See Cavanaugh*, 306 F.3d at 732 (holding that the "only basis on which a court may compare plaintiffs competing to serve as lead plaintiff is the size of their financial stake in the controversy").

### III.     CONCLUSION

For all the reasons stated herein, the Institutional Investor Group's motion for consolidation, appointment as Lead Plaintiff and for approval of its selection of Lead Counsel should be granted and the competing motions should be denied.

DATED:  May 30, 2008                          COUGHLIN STOIA GELLER
                                                RUDMAN & ROBBINS LLP
                                              SAMUEL H. RUDMAN
                                              DAVID A. ROSENFELD
                                              MARIO ALBA, JR.


                                              _____
                                                       /S/ Samuel H. Rudman
                                                    SAMUEL H. RUDMAN

                                              58 South Service Road, Suite 200
                                              Melville, NY  11747
                                              Telephone:  631/367-7100
                                              631/367-1173 (fax)

                                              COUGHLIN STOIA GELLER
                                                RUDMAN & ROBBINS LLP
                                              PATRICK J. COUGHLIN
                                              PATRICK W. DANIELS
                                              655 West Broadway, Suite 1900
                                              San Diego, CA 92101
                                              Telephone:  619/231-1058
                                              619/231-7423

                                              COUGHLIN STOIA GELLER
                                                RUDMAN & ROBBINS LLP
                                              RANDI D. BANDMAN
                                              52 Duane Street, 7th Floor
                                              New York, NY 10007
                                              Telephone:  212/693-1058
                                              212/693-7423 (fax)

                                              [Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on May 30, 2008, I caused a true and correct

copy of the attached:

> Memorandum In Further Support Of The Institutional Investor Group For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel and in Opposition to the Competing Motions

to be served: (i) electronically on all counsel registered for electronic service for this

case; and (ii) by first-class mail to any additional counsel on the attached service list.



/s/ *Mario Alba Jr.*
Mario Alba Jr.

SOCIETE GENERALE

Service List - 5/30/2008   (08-0049)

Page 1 of  2

**Counsel For Defendant(s)**

Joseph  Serino, Jr.
Mark  Holscher
Kirkland & Ellis LLP
Citicorp Center, 153 East 53rd Street
New York, NY  10022-4675
  212/446-4800
  212/446-4900 (Fax)

Scott D. Musoff
Joseph A. Matteo
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
  212/735-3000
  212/735-2000 (Fax)

**Counsel For Plaintiff(s)**

Elizabeth A. Berney
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 East 52nd Street, 13th Floor
New York, NY  10022
  212/838-7797
  212/838-7745 (Fax)

Steven J. Toll
Daniel S. Sommers
Matthew K. Handley
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Ave., N.W., Suite 500
Washington, DC  20005-3964
  202/408-4600
  202/408-4699 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario  Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

Mark C. Gardy
James S. Notis
Gardy & Notis, LLP
440 Sylvan Avenue, Suite 110
Englewood Cliffs, NJ  07632
  201/567-7377
  201/567-7337 (Fax)

Kent  Bronson
Milberg LLP
One Pennsylvania Plaza
New York, NY  10119
  212/594-5300
  212/868-1229 (Fax)

Jules  Brody
Stull, Stull & Brody
6 East 45th Street, 4th Floor
New York, NY  10017
  212/687-7230
  212/490-2022 (Fax)

SOCIETE GENERALE

Service List - 5/30/2008      (08-0049)

Page 2 of  2

Joseph H. Weiss
James E. Tullman
Richard A. Acocelli
Weiss & Lurie
551 Fifth Avenue, Suite 1600
New York, NY  10176
      212/682-3025
      212/682-3010 (Fax)