UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PHILLIP J. BARKETT, JR., | ) | Civil Action No. 1:08-CV-2495 (GEL) |
| Plaintiff, | ) | |
| -against- | ) | |
| SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY, | ) | |
| Defendants. | ) | |
| CITY OF TAYLOR EMPLOYEES RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | ) | Civil Action No. 1:08-CV-2752 (GEL) |
| Plaintiff, | ) | |
| -against- | ) | |
| SOCIÉTÉ GÉNÉRALE GROUP, DANIEL BOUTON, and ROBERT A. DAY, | ) | |
| Defendants. | ) | |
| HAROLD OBERKOTTER, Individually and On Behalf of All Others Similarly Situated, | ) | Civil Action No. 1:08-CV-2901 (GEL) |
| Plaintiff, | ) | |
| -against- | ) | |
| SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY, | ) | |
| Defendants. | ) | |

**THE NEW JERSEY CARPENTERS ANNUITY AND PENSION FUNDS' REPLY IN FURTHER SUPPORT OF ITS MOTION FOR LEAD PLAINTIFF APPOINTMENT**

**PRELIMINARY STATEMENT**

The Court should appoint the New Jersey Carpenters Annuity and Pension Funds (the "New Jersey Fund") as lead plaintiff because it has the largest losses of any movant seeking sole appointment as lead plaintiff. The competing motions of the self-styled "Institutional Investor Group"[1] and Oklahoma Firefighters Retirement and Pension Systems ("Oklahoma Firefighters") should be denied for several reasons. First, the Institutional Investor Group's most recent brief confirms that the group is an amalgam of four unrelated investors that had no relationship prior to this litigation. As a lawyer-driven group assembled purely by lawyers seeking to claim larger losses, this Court should follow the many decisions of this Court by Judge Owen, Judge Rakoff, Judge Castel, Judge McMahon, Judge Cedarbaum and Judge Karas in declining to appoint such an unrelated group of investors as lead plaintiff, notwithstanding the larger aggregate losses of this group. Second, the vast majority of the losses claimed by the Oklahoma Firefighters are not compensable as a matter of law, *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 342 (2005), because the Oklahoma Firefighters sold most of its shares prior to the end of the class period, and thus prior to any price drop caused by the fraud alleged.

**ARGUMENT**

**I. THE COURT SHOULD REJECT THE LAWYER-DRIVEN, LAWYER-CREATED INSTITUTIONAL INVESTOR GROUP**

The Institutional Investor Group was cobbled together by lawyers solely for the purpose of aggregating the losses of its individual members. The group had and has no relationship apart

---

[1] The Institutional Investor Group is composed of four separate and unrelated entities, including: the Vermont Pension Investment Committee, Boilermaker-Blacksmith National Pension Fund, United Food and Commercial Workers Union-Employer Pension Fund and United Food and Commercial Workers Union Local 880-Retail Food Employers Joint Pension Fund.

from this litigation. The recently submitted joint declaration by this group's lawyers does not come close to showing why the group was formed, or how the group's formation benefits the class. Such explanations are required in light of the vastly different financial interests of the individual group members.

Two members of the group, the Vermont Pension Investment Committee ($3,442,044.21 in reported losses) and Boilermaker-Blacksmith National Pension Fund ($2,792,097.83 in reported losses), have a financial interest in the litigation that dwarfs that of the other two members, United Food and Commercial Workers Union-Employer Pension Fund ($235,539.31 in reported losses) and United Food and Commercial Workers Union Local 880-Retail Food Employers Joint Pension Fund ($378,228.50 in reported losses). Yet, the group has not explained (or cannot explain) why two funds with relatively insignificant losses were combined with two funds with significant losses. The declaration also provides no detail regarding the functioning of the group. The group has not at all explained who is leading the group, how it intends to work as a group, and how conflicts will be resolved among the members of the group. Although the declaration includes details of the individual members' communication with their common counsel, there is no detail regarding any communications with counsel *as a group*, including whether the group at all existed or met as a group prior to seeking appointment of lead counsel.

As this Court has repeatedly found, because the members of the Institutional Investor Group are unrelated, and because the group was created for the sole purpose of making the lead plaintiff motion, they do not constitute a real group, they have not and will not be able to exercise real control over counsel, and they are not entitled to appointment as lead plaintiff. *See, e.g., In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y. 2005) (Owen, J.) ("[t]o allow an

aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff."); *Goldberger v. PXRE Group, Ltd.*, No. 06-CV-3410 (KMK), 2007 WL 980417, at *5 (S.D.N.Y. Mar. 30, 2007) (Karas, J.) (rejected lead plaintiff group "shares only this lawsuit in common."); *In re Tarragon Corp. Sec. Litig.*, No. 07 Civ. 7972 (PKC), 2007 WL 4302732, at *1 (S.D.N.Y. Dec. 6, 2007) (Castel, J.) (rejected lead plaintiff group made "no showing that the members of either 'group' have, in fact, functioned as a group."); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 309 (S.D.N.Y. 2001) (Rakoff, J.) ("the Azimut Group has no independent existence and its composite members have no prior relationship, there is nothing to suggest that they will collectively ride herd on counsel anywhere as well as could a single sophisticated entity."); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997) (Cedarbaum, J.) ("To allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff."); *Bhojwani v. Pistiolis*, No. 06 Civ. 13761 (CM), 2007 WL 2197836, at *4 (S.D.N.Y. July 31, 2007) (McMahon, J.) (permitting aggregation for group of related family members and rejecting unrelated group with larger losses).[2]

## II.    THE OKLAHOMA FIREFIGHTERS HAVE LOWER LOSSES

The Oklahoma Firefighters sold 77.2% of its shares prior to the end of the class period, at prices artificially inflated by the fraud alleged, and prior to any drop in the share price as a result of disclosure of the fraud. While the Oklahoma Firefighters claim total market losses of €1,157,035.24 (or roughly $1,689,734.26)[3], the Oklahoma Firefighters' compensable losses under *Dura* for purposes of this lead plaintiff motion are limited to the 6,354 shares that were

---

[2]  Notably, Judge McMahon in *Bhojwani v. Pistiolis* disqualified the movant who moved as part of a two person group, even when the movant had the largest single loss of any movant.

[3]  The spot rate as of January 24, 2008 was 1 euro = 1.4604 US dollars.

held through the end of the class period, representing an approximate €320,000 (or roughly $467,328) loss caused by the fraud. *See e.g., In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 333 (S.D.N.Y. 2005) (McMahon, J.) (applying *Dura* to losses claimed at the lead plaintiff stage); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG), 2007 WL 680779, at *4 (E.D.N.Y. Mar. 2, 2007) (Garaufis, J.) (rejecting lead plaintiff for institutional investor where losses were not recoverable under *Dura*). Thus, the Oklahoma Firefighters' losses are far lower than the $1,406,440.02 losses of the New Jersey Fund.

## CONCLUSION

For the reasons stated herein and in the prior submissions of the New Jersey Fund, the Court should grant the New Jersey Fund's motion in all respects and deny the motions of the competing movants.

Dated: June 9, 2008                          Respectfully submitted,

**MILBERG LLP**

By: /s/ Kent A. Bronson
Kent A. Bronson
One Pennsylvania Plaza, 49th Floor
New York, New York 10119
Telephone:   (212) 594-5300
Facsimile:   (212) 868-1229
kbronson@milberg.com

**GARDY & NOTIS, LLP**
Mark C. Gardy
James S. Notis
440 Sylvan Avenue, Suite 110
Englewood Cliffs, New Jersey 07632
Telephone:   (201) 567-7377
Facsimile:   (201) 567-7337
mgardy@gardylaw.com
jnotis@gardylaw.com

*Proposed Co-Lead Counsel for the Class*

5

**KROLL HEINEMAN, LLC**
Albert G. Kroll
Metro Corporate Campus I
99 Wood Avenue South, Suite 307
Iselin, New Jersey 08830
Telephone:     (732) 491-2100
Facsimile:     (732) 491-2120
akroll@krollfirm.com

*Counsel for Movant New Jersey Carpenters*
*Annuity and Pension Funds*

i

**CERTIFICATE OF SERVICE**

I, Kent A. Bronson, a member of the law firm Milberg LLP, hereby certify that I caused a true and correct copy of the following document to be served with the Clerk of the Court using the CM/ECF system, which will send notifications of filing to the CM/ECF participants listed on the attached Service List, and caused all counsel listed on the Service List to be served by regular U.S. Mail on this 9th day of June, 2008:

> **THE NEW JERSEY CARPENTERS ANNUITY AND PENSION FUNDS' REPLY IN FURTHER SUPPORT OF ITS MOTION FOR LEAD PLAINTIFF APPOINTMENT**

          /s/ Kent A. Bronson
          Kent A. Bronson

i

*Société Générale*

**S<u>ERVICE</u> L<u>IST</u>**

*Counsel for Plaintiffs:*

| | |
|---|---|
| Elizabeth A. Berney<br>**C**OHEN**, M**ILSTEIN**, H**AUSFELD<br>   **& T**OLL**, P.L.L.C.**<br>150 East 52nd Street, 30th Floor<br>New York, NY  10022<br>Telephone: (212) 838-7797<br>Facsimile: (212) 838-7745<br>Email: eberney@cmht.com | Steven J. Toll<br>Daniel S. Sommers<br>Matthew K. Handley<br>**C**OHEN**, M**ILSTEIN**, H**AUSFELD<br>   **& T**OLL**, P.L.L.C.**<br>1100 New York Avenue, N.W.<br>West Tower, Suite 500<br>Washington, D.C.  20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br>Email: stoll@cmht.com<br>         dsommers@cmht.com<br>         mhandley@cmht.com |
| Samuel H. Rudman<br>**C**OUGHLIN **S**TOIA **G**ELLER **R**UDMAN<br>   **& R**OBBINS**, LLP**<br>58 South Service Road, Suite 200<br>Melville, NY  11747<br>Telephone: (631) 367-7100<br>Facsimile: (631) 367-1173<br>Email: SRudman@csgrr.com | Darren J. Robbins<br>Matthew P. Montgomery<br>**C**OUGHLIN **S**TOIA **G**ELLER **R**UDMAN<br>   **& R**OBBINS**, LLP**<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone: (619) 231-1058<br>Facsimile: (619) 231-7423<br>Email:  darrenr@csgrr.com<br>           mattm@csgrr.com |
| Joseph H. Weiss<br>James E. Tullman<br>Richard A. Acocelli<br>**W**EISS **& L**URIE<br>551 Fifth Avenue<br>New York, NY  10176<br>Telephone: (212) 682-3025<br>Facsimile: (212) 682-3010<br>Email:  jweiss@weisslurie.com<br>           jtullman@weisslurie.com<br>           racocelli@weisslurie.com | Jules Brody<br>**S**TULL**, S**TULL **& B**RODY<br>6 East 45th Street<br>New York, NY  10017<br>Telephone: (212) 687-7230<br>Facsimile: (212) 490-2022<br>Email:  ssbny@aol.com |

Ira M. Press
Peter S. Linden
**KIRBY & MCINERNEY LLP**
930 Third Avenue, 10th Floor
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
Email: ipress@kmllp.com
　　　　plinden@kmllp.com


*Counsel for Defendants:*

| | |
|---|---|
| Joseph Serino, Jr. | Scott D. Musoff |
| Mark Holscher | Joseph A. Matteo |
| **KIRKLAND & ELLIS LLP** | **SKADDEN, ARPS, SLATE, MEAGHER** |
| Citicorp Center, 153 East 53rd Street | **& FLOM LLP** |
| New York, NY 10022-4675 | Four Times Square |
| Telephone: (212) 446-4800 | New York, NY 10036 |
| Facsimile: (212) 446-4900 | Telephone: (212) 735-3000 |
| | Facsimile: (212) 735-2000 |