UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x
PHILLIP J. BARKETT, JR.,                  :   Civil Action No. 1:08-cv-02495-GEL
                                          :
                     Plaintiff,           :   CLASS ACTION
                                          :
        vs.                               :
                                          :
SOCIÉTÉ GÉNÉRALE, et al.,                 :
                                          :
                     Defendants.          :
—————————————————————— :
CITY OF TAYLOR EMPLOYEES                  :   Civil Action No. 1:08-cv-02752-GEL
RETIREMENT SYSTEM, Individually and on    :
Behalf of All Others Similarly Situated,  :   CLASS ACTION
                                          :
                     Plaintiff,           :
                                          :
        vs.                               :
                                          :
SOCIÉTÉ GÉNÉRALE GROUP, et al.,           :
                                          :
                     Defendants.          :
—————————————————————— :
HAROLD OBERKOTTER, Individually and       :   Civil Action No. 1:08-cv-02901-GEL
on Behalf of All Others Similarly Situated,:
                                          :   CLASS ACTION
                     Plaintiff,           :
                                          :
        vs.                               :
                                          :
SOCIÉTÉ GÉNÉRALE, et al.,                 :
                                          :
                     Defendants.          :
—————————————————————— x

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE INSTITUTIONAL
INVESTOR GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND IN
RESPONSE TO THE OPPOSITION OF THE COMPETING MOTIONS

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ........................................................................................1

II.   ARGUMENT .............................................................................................................3

      A.    The Institutional Investor Group Represents the Largest Financial Interest
            in This Litigation..............................................................................................3

      B.    The Institutional Investor Group Is Otherwise Adequate and Typical and
            None of the Other Movants Have Offered Any "Proof" to Rebut Its
            Presumption of Lead Plaintiff...........................................................................3

      C.    The Institutional Investor Group Is a Cohesive Group of Institutional
            Investors Which May Serve as Lead Plaintiff ...................................................4

III.  CONCLUSION...........................................................................................................9

# CASES

*A1 Credit Co. v. RAIT Financial Trust, et al.,*
    No. 07-cv-3148-LDD (E.D. Pa.)..........................................................................................8

*Barnet v. Elan Corp.,*
    PLC, 236 F.R.D. 158 (S.D.N.Y. 2005)...............................................................................5

*Curkin v. Solomon et al.,*
    No. 05-cv-2827 (KMW) (S.D.N.Y.)...................................................................................8

*DeMarco, et al. v. Robertson Stephens, et al.,*
    No. 03-cv-00590-GEL (S.D.N.Y. June 30, 2003) ............................................................5

*Ferrari v. Impath,*
    No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898
    (S.D.N.Y. July 15, 2004) ...................................................................................................6

*Goldberger v. PXRE Group Ltd.,*
    No. 06-cv-3410 (KMK), 2007 U.S. Dist. LEXIS 23925
    (S.D.N.Y. March 30, 2007)................................................................................................6

*In re Allied Capital,*
    No. 02-cv-03812-GEL (S.D.N.Y. Aug. 15, 2002).............................................................6

*In re Baan Co., Sec. Litig.,*
    186 F.R.D. 214 (D.D.C. 1999).......................................................................................5, 7

*In re Cavanaugh,*
    306 F.3d 726 (9th Cir. 2002) .............................................................................................4

*In re Cendant Corp. Litig.,*
    264 F.3d 201 (3d Cir. 2001)...........................................................................................4, 8

*In re Espeed, Inc. Sec. Litig.,*
    232 F.R.D. 95 (S.D.N.Y. 2005) .........................................................................................7

*In re Global Crossing Access Charge Litigation,*
    No. 04 MD 1630 (GEL) (S.D.N.Y. Dec. 17, 2004)..........................................................5

*In re New Jersey Dep't of the Treasury, Div. of Inv.,*
    No. 05-3227, (6th Cir. July 26, 2005)) ..............................................................................4

*In re Pfizer Inc. Sec. Litig.,*
    233 F.R.D. 334 (S.D.N.Y. 2005) ....................................................................................6, 9

**Page**

*In re Refco, Inc. Sec. Litig.,*
    No. 05 Civ. 8626 (GEL) (S.D.N.Y. Feb. 8, 2006) ............................................................5

*In re Star Gas Sec. Litig,*
    No. 04cv1766 (JBA), 2005 U.S. Dist. LEXIS 5827
    (D. Conn. Apr. 8, 2005) ............................................................7

*In re Versata, Inc.,*
    No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270
    (N.D. Cal. Aug. 17, 2001) ............................................................5

*Local 144 Nursing Home Pension Fund v. Honeywell Int'1, Inc.,*
    No. 00-3605(DRD), 2000 U.S. Dist. LEXIS 16712
    (D.N.J. Nov. 16, 2000) ............................................................9

*Mann, et al. v. Worldwide Xceed, et al.,*
    No. 01-cv-01125-GEL (S.D.N.Y. June 25, 2001) ............................................................6

*Mizzaro v. Home Depot, Inc. et al.,*
    No. 06-cv-01151-ODE (N.D. Ga.) ............................................................8

*Reimer v. Ambac Fin. Group, Inc.,*
    No. 08 Civ. 411 (NRB), 2008 U.S. Dist. LEXIS 38729
    (S.D.N.Y. May 9, 2008) ............................................................6, 7

*Shankar v. Boston Scientific Corp.,*
    No. 05-cv-11934-JLT (D. Mass.) ............................................................8

*United Food and Commercial Workers Union Local 880 - Retail Food Employers*
    *Joint Pension Fund, et al. v. Sunrise Senior Living Inc.,*
    No. 07-cv-00102-RBW (D.D.C.) ............................................................8

*Weiss v. Friedman, Billings, Ramsey Group, Inc.,*
    No. 05-cv-4617 (RJH) (S.D.N.Y.) ............................................................8

*Weltz v. Lee,*
    199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................5

*Xianglin Shi v. SINA Corp.,*
    No. 05 Civ. 2154 (NRB), 2005 U.S. Dist. LEXIS 13176
    (S.D.N.Y. July 1, 2005) ............................................................6

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C. §78u-4 ..........................................................................................................................3

Federal Rule of Civil Procedure
      Rule 23 ...........................................................................................................................1, 3

Institutional Investors Vermont Pension Investment Committee ("VPIC"), Boilermaker-Blacksmith National Pension Fund ("Boilermaker-Blacksmith Fund"), United Food and Commercial Workers Union-Employer Pension Fund ("UFCW") and United Food and Commercial Workers Union Local 880 – Retail Food Employers Joint Pension Fund ("UFCW 880") (collectively, the "Institutional Investor Group") respectfully submit this reply memorandum of law in further support of their motion for consolidation, appointment as Lead Plaintiff and for approval of their selection of Lead Counsel and in response to the opposition of the competing movants.

## I.    PRELIMINARY STATEMENT

No one disputes that the Institutional Investor Group has the largest financial interest in this litigation.  With losses of $6,847,909, its losses are substantially greater than the losses of €1,157,035 (or $1,790,443) claimed by Oklahoma Firefighters Pension and Retirement System ("Oklahoma"), the losses of $1,406,440 claimed by New Jersey Carpenters Annuity and Pension Funds (the "New Jersey Funds Group"), and the losses of $41,480 claimed by Harold Oberkotter. VPIC, one of the members of the Institutional Investor Group, *alone* has losses of $3,442,044, which exceeds the losses of all of the other competing movants *combined.*  Also, Oklahoma readily acknowledges the greater loss of the Institutional Investor Group, stating, "the Institutional Investor Group has presented a larger loss in Societe Generale securities than the loss asserted by Oklahoma or any other movant for lead plaintiff."  Oklahoma Response at 2.  Thus, there can be no legitimate challenge to the Institutional Investor Group's claim that it has the largest financial interest. Moreover, no one has raised any opposition to the Institutional Investor Group's adequacy and typicality under Federal Rule of Civil Procedure 23.

While it would appear, based on the foregoing, that all of the movants would agree that the Institutional Investor Group should be appointed Lead Plaintiff, the New Jersey Funds Group has nevertheless filed a memorandum in opposition to the Institutional Investor Group's motion. The

New Jersey Funds Group contends that the Court should not appoint a group of investors as lead plaintiff where: (i) that group does not have a pre-existing relationship; (ii) it has not explained how it plans to work together as a group; (iii) it has not explained how it can effectively manage the litigation; and (iv) it has not explained how it intends to resolve any conflicts among its different members.

The members of the Institutional Investor Group, however, have already provided the Court with answers to all of these questions. As set forth in their joint declaration previously filed on May 30, 2008, *see* Institutional Investor Group's Joint Declaration in Further Support of its Motion for Consolidation, Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel (the "Joint Declaration"), the members of the Institutional Investor Group are prepared to litigate this case in an organized and efficient manner for the benefit of the class. Joint Declaration at ¶6. This includes, among other things, their implementation of decision-making and communication procedures that are designed to maximize the size of any recovery. *Id.* at ¶10. They also believe that their collective resources and experiences will provide additional benefits to the Class. *Id.* at ¶6. Thus, there is clear justification in this case for the members of the Institutional Investor Group seeking their joint appointment as Lead Plaintiff.

There is also a rational explanation for why they should be appointed together as a group. The Boilermaker-Blacksmith Fund and VPIC each sustained multi-million dollar losses as a result of their purchases of Societe Generale ("SocGen") ordinary shares. Indeed, each of their individual losses is substantially greater than the combined losses of the two funds that make up the New Jersey Funds Group. Similarly, UFCW and UFCW 880, the other members of the Institutional Investor Group, are two related funds with overlapping trustees that have both sustained similar-sized losses as a result of their purchases of SocGen ADRs during the Class Period. *Id.* ¶4.

- 2 -

For these reasons, as well as those set forth in its prior submissions, the Institutional Investor Group respectfully submits that the Court should grant its motion in full, appoint it as Lead Plaintiff for the Class, approve of its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Counsel and deny the competing motions.

## II.   ARGUMENT

### A.   The Institutional Investor Group Represents the Largest Financial Interest in This Litigation

It is undeniable that the Institutional Investor Group represents the largest financial interest in this litigation. *See* Institutional Investor Group Opp. at 5-6 (setting forth the losses of the different movants). Accordingly, the Institutional Investor Group should be afforded the presumption of most adequate plaintiff – the Lead Plaintiff

### B.   The Institutional Investor Group Is Otherwise Adequate and Typical and None of the Other Movants Have Offered Any "Proof" to Rebut Its Presumption of Lead Plaintiff

The PSLRA directs that "the court shall adopt a presumption that the most adequate plaintiff . . . is the person *or group of persons* that . . . has the largest financial interest in the relief sought by the class," and that "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (emphasis added). The PSLRA's rebuttable presumption may be rebutted only by *proof* that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Only one movant, the New Jersey Funds Group, makes any argument in an effort to rebut the presumption afforded to the Institutional Investor Group. As discussed below, their argument has no merit.

**C.**    **The Institutional Investor Group Is a Cohesive Group of Institutional Investors Which May Serve as Lead Plaintiff**

The New Jersey Funds Group contends that the Institutional Investor Group is not a proper Lead Plaintiff movant because its members did not have a pre-litigation relationship and they did not explain how they intend to litigate this case together as a group.[1]

The PSLRA, however, does not say that a group seeking appointment must be "related" in any fashion, and neither its text nor its legislative history contain any suggestion that "unrelated" groups may not seek appointment as lead plaintiff. *See In re Cendant Corp. Litig.,* 264 F.3d 201, 266 (3d Cir. 2001); *In re Cavanaugh,* 306 F.3d 726, 738 (9th Cir. 2002) ("We are bound by what Congress did, and *we may not add to the statute terms that Congress omitted* even if we believe they would serve the statutory purpose.") (emphasis added).

As the SEC has concluded – and the Third and Sixth Circuits have held – it is the statute's test of fair and adequate representation, and *"not one of relatedness,* with which courts should be concerned" in appointing lead plaintiffs. *Cendant,* 264 F.3d at 267 (emphasis added); *In re New Jersey Dep't of the Treasury, Div. of Inv.,* No. 05-3227, Slip op. (6th Cir. July 26, 2005) (attached hereto as Exhibit A); *In re Baan Co., Sec. Litig.,* 186 F.R.D. 214, 216-17 (D.D.C. 1999) (quoting memorandum submitted by SEC).

Moreover, whether a group of institutional investors is related or has "pre-existing relationships" *should* be irrelevant under the PSLRA. "[T]he pre-litigation relationship approach

---

[1]    The New Jersey Funds Group also contends that it has the "largest loss of any movant seeking sole appointment as lead plaintiff." New Jersey Funds Group Opp. at 2. That claim, however, is inaccurate. Even though it refers to itself in its papers as the singular New Jersey Fund, the New Jersey Funds Group is actually made up of two funds, the New Jersey Carpenters Annuity Fund, with a loss of $469,044, and the New Jersey Carpenters Pension Fund, with a loss of $937,395, both of which have losses smaller than the losses claimed by VPIC or the BoilermakerBlacksmith Fund.

focuses on a trait that is uncommon among investors. . . . Limiting the potential pool of lead plaintiffs to those with a pre-litigation relationship would foreclose the great majority of investors, who are willing and able to come together, to pursue a securities class action." *In re Versata, Inc.,* No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270, at *20-*21 (N.D. Cal. Aug. 17, 2001) (internal citations omitted).

Ultimately, "there can be no doubt that the PSLRA contemplates that ***some*** 'groups' can serve as lead plaintiff – indeed, the plain language of the statute provides for this outcome." *Barnet v. Elan Corp.,* PLC, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (emphasis in original). "The pivotal issue as to the designation of Lead Plaintiff in the instant matter, then, comes down to whether multiple class members may aggregate their financial stake in order to establish the PSLRA's rebuttable presumption." *Weltz v. Lee,* 199 F.R.D. 129, 132 (S.D.N.Y. 2001).

Indeed, this Court, and others in this district, has routinely appointed groups of investors with no pre-litigation relationship as Lead Plaintiff pursuant to the PSLRA. ***See, e.g.,*** *In re Refco, Inc. Sec. Litig.,* Case No. 05 Civ. 8626 (GEL) (S.D.N.Y. Feb. 8, 2006) (appointing a group of investors as Lead Plaintiffs);[2] *In re Global Crossing Access Charge Litigation,* Case No. 04 MD 1630 (GEL) (S.D.N.Y. Dec. 17, 2004); *DeMarco, et al. v. Robertson Stephens, et al.,* Case No. 03-cv-00590-GEL (S.D.N.Y. June 30, 2003); *Mann, et al. v. Worldwide Xceed, et al.,* Case No. 01-cv-01125-GEL (S.D.N.Y. June 25, 2001); *In re Allied Capital,* Case No. 02-cv-03812-GEL (S.D.N.Y. Aug. 15, 2002); *Reimer v. Ambac Fin. Group, Inc.,* No. 08 Civ. 411 (NRB), 2008 U.S. Dist. LEXIS 38729 S.D.N.Y. (S.D.N.Y. May 9, 2008) (same); *Xianglin Shi v. SINA Corp.,* No. 05 Civ. 2154 (NRB),

---

[2]    All of these unreported decisions were previously attached as exhibits B through G to the Institutional Investor Group's memorandum of law in opposition to the competing motions, filed on May 30, 2008.

2005 U.S. Dist. LEXIS 13176 (S.D.N.Y. July 1, 2005); *Ferrari v. Impath,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004).

Despite this Court's numerous prior holdings, as well as many holdings of other judges in this District, the New Jersey Funds Group cites to two cases in which courts did not appoint groups of investors as Lead Plaintiff and argues that the Court should follow those rulings. In neither of those instances, however, was there a compelling reason to appoint those investors as groups.[3] Here, however, where two of the members of the Institutional Investor Group have losses resulting from their purchases of SocGen ordinary shares and two have losses resulting from their purchases of SocGen ADRs, and where a showing of the group's cohesiveness has been made through the filing of the Joint Declaration, its motion should be granted.[4]

---

[3]    In each of those cases, the courts expressed their preference for appointing the single investor who represented the largest financial interest, whether or not that investor filed a motion individually or together as part of a group. In *Goldberger v. PXRE Group Ltd.,* No. 06-cv-3410 (KMK), 2007 U.S. Dist. LEXIS 23925 (S.D.N.Y. March 30, 2007), the court appointed a single investor as lead plaintiff because it had a "far greater financial interest" in the case than any of the individual losses of those investors who made up the competing group, even though the group as a whole had a larger collective financial interest. In *In re Pfizer Inc. Sec. Litig.,* 233 F.R.D. 334 (S.D.N.Y. 2005), Judge Owen chose to sua sponte appoint the investor with the single largest loss as lead plaintiff, even though that investor had filed its motion seeking to be appointed together with a group of other investors. Here, where VPIC and Boilermaker alone each have a "far greater financial interest" than the combined New Jersey Funds Group, even if the Court were to follow the reasoning of the courts in *Goldberger* and *Pfizer*, the New Jersey Funds Group would still not have the largest financial interest. Moreover, because of the different securities purchased by the different members of the Institutional Investor Group, there is a rational explanation as to why the Institutional Investor Group, as a group, should be appointed Lead Plaintiff. In *Goldberger* and *Pfizer*, there was no similar justification.

[4]    The New Jersey Funds Group also criticizes the Institutional Investor Group by stating that it is "unusual" that "two of the four members of the group have insignificant losses." New Jersey Funds Group Opp. at 3. The losses of UFCW and UFCW 880, which appear to be what the New Jersey Funds Group is referring to, were from investments in SocGen ADRs, whereas the larger losses of VPIC and Boilermakers were from investments in SocGen ordinary shares. Thus, there is nothing "unusual" about these investors seeking to be appointed Lead Plaintiff together. In fact, by

Most recently, Judge Buchwald addressed this issue in *Reimer*, in which she stated that the cases not allowing the appointment of groups of unrelated investors "is now the minority view." *Reimer,* 2008 U.S. Dist. LEXIS 38729 at *8.   Judge Buchwald then appointed a group of institutional investors as Lead Plaintiff, relying on a declaration from the movants as evidence that they are "cooperating and pursuing this litigation separately and apart from their lawyers." *Id*. at *9; *see also In re Espeed, Inc. Sec. Litig.,* 232 F.R.D. 95, 99-100 (S.D.N.Y. 2005) ("The fact that the PSLRA was designed to favor institutional investors should be taken into account when determining what constitutes a reasonable group of 'members'"); *In re Star Gas Sec. Litig,* No. 04cv1766 (JBA), 2005 U.S. Dist. LEXIS 5827, at *12 (D. Conn. Apr. 8, 2005) ("The majority of courts considering the issue have taken an intermediate position, allowing a group of unrelated investors to serve as lead plaintiffs. . . .").

The SEC and most courts have correctly reasoned that while the PSLRA prevents joint lead plaintiff applications by dozens or hundreds of ***individual*** investors, the PSLRA does permit "'a group that is small enough to be capable of effectively managing the litigation and the lawyers. . . [and] should be no more than ***three to five persons.***"' *Baan*, 186 F.R.D. at 216-17 (quoting memorandum submitted by the SEC; emphasis added). Here, due to the Institutional Investor Group's small size and cohesive composition, it meets the test articulated by the SEC in *Baan*. *See id.; see also Cendant,* 264 F.3d at 267 ("We . . . agree with the [SEC] that courts should generally

purchasing SocGen ordinary shares and SocGen ADRs, the members of the Institutional Investor Group are able to represent the interests of all class members in this action.

presume that groups with **more than five** members are **too large** to work effectively.") (emphasis added).[5]

    In addition to its small size, the Institutional Investor Group also satisfies the "rule of reason" test articulated by the Third Circuit in *Cendant*.  264 F.3d at 268.  For a group to demonstrate its adequacy, the rule of reason provides only that the group demonstrate that it can actively represent the class and drive the litigation.  *See Id.*  The Institutional Investor Group has made both of these showings. In addition, the Institutional Investor Group's members provided evidence that they had conferred with one another and their selected Class counsel in connection with their joint

---

[5]     The New Jersey Funds Group's argument against the appointment of a group of investors as lead plaintiff is undermined by the numerous times that the two funds that comprise the New Jersey Funds Group have themselves sought to be appointed lead plaintiff with other investors with whom they had no prior relationship. *See, e.g.,* Notice of Motion of the FBR Group for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, filed in *Weiss v. Friedman, Billings, Ramsey Group, Inc.,* Case No. 05-cv-4617 (RJH) (S.D.N.Y.) (attached hereto as Exhibit B); Notice of Motion of the New Jersey Institutional Investor Group for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, filed in *Curkin v. Solomon et al.,* Case No. 05-cv-2827 (KMW) (S.D.N.Y.) (attached hereto as Exhibit C); Motion of the LVC Group for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel, filed in *A1 Credit Co. v. RAIT Financial Trust, et al.,* Case No. 07-cv-3148-LDD (E.D. Pa.) (attached hereto as Exhibit D); Motion of the Boston Scientific Institutional Investor Group for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel, filed in *Shankar v. Boston Scientific Corp.,* Case No. 05-cv-11934-JLT (D. Mass.) (attached hereto as Exhibit E).  Similarly, Oklahoma has also sought appointment as lead plaintiff as part of a group of investors with no pre-litigation relationship. *See* Motion of the City of Miami General Employees' & Sanitation Employees' Retirement Trust and the Oklahoma Firefighters Pension and Retirement System For (1) Appointment as Lead Plaintiffs; (2) Approval of Their Selection of Counsel as Co-Lead Counsel For The Class; and (3) Consolidation Of All Related Actions, filed in *United Food and Commercial Workers Union Local 880 - Retail Food Employers Joint Pension Fund, et al. v. Sunrise Senior Living Inc.,* Case No. 07-cv-00102-RBW (D.D.C.) (attached hereto as Exhibit F); Motion of Oklahoma Firefighters Pension & Retirement System, Alameda County Employees' Retirement Association, Laborers District Council Construction Industry Pension Fund, Bucks County Retirement Board and Montgomery County Retirement Board for Consolidation, Their Appointment as Co-Lead Plaintiffs and for the Approval of Their Selection of Counsel, filed in *Mizzaro v. Home Depot, Inc. et al.,* Case No. 06-cv-01151-ODE (N.D. Ga.) (attached hereto as Exhibit G).

prosecution of this litigation. *See* Joint Decl. ¶10; *Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.,* No. 00-3605(DRD), 2000 U.S. Dist. LEXIS 16712, at *7-*15 (D.N.J. Nov. 16, 2000) (discussing groups ***at length*** and appointing five institutional investors with largest loss as lead plaintiff).[6]

Accordingly, the Court should appoint the Institutional Investor Group as Lead Plaintiff because it is the movant with the largest loss (and it includes the investor with the single largest loss), it includes investors who purchased SocGen ordinary shares and SocGen ADRs, it is otherwise adequate and typical and no movant has offered any of the requisite "proof" as to why its motion should not be granted.

## III.    CONCLUSION

For all the reasons stated herein, the Institutional Investor Group's motion for consolidation, appointment as Lead Plaintiff and for approval of its selection of Lead Counsel should be granted and the competing motions should be denied.

DATED: June 9, 2008                        COUGHLIN STOIA GELLER
                                             RUDMAN & ROBBINS LLP
                                           SAMUEL H. RUDMAN
                                           DAVID A. ROSENFELD
                                           MARIO ALBA, JR.


                                             /s/ *Samuel H. Rudman*
                                           SAMUEL H. RUDMAN

---

[6]    The New Jersey Funds Group has also proposed two law firms to serve as Lead Counsel, without providing any explanation as to why they require two firms to represent them. *See In re Pfizer,* 233 F.R.D. at 338 ("I do not see the need for two law firms. [Appointing only one firm] avoids the danger of unnecessarily duplicative work and, ultimately, a lower recovery for the class").

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

I:\Societe Generale\LP Motion\LP Reply\LP Reply.doc

## CERTIFICATE OF SERVICE

I, Mario Alba, Jr., hereby certify that on June 9, 2008, I caused a true and correct

copy of the attached:

> Reply Memorandum Of Law In Further Support Of The Institutional
> Investor Group's Motion For Consolidation, Appointment As Lead
> Plaintiff And For Approval Of Its Selection Of Lead Counsel And In
> Response To The Opposition Of The Competing Motions

to be served: (i) electronically on all counsel registered for electronic service for this

case; and (ii) by first-class mail to any additional counsel on the attached service list.


                                        /s/ *Mario Alba, Jr.*
                                        Mario Alba, Jr.

SOCIETE GENERALE
Service List - 5/30/2008     (08-0049)
Page 1 of  2

## Counsel For Defendant(s)

Joseph  Serino, Jr.
Mark  Holscher
Kirkland & Ellis LLP
Citicorp Center, 153 East 53rd Street
New York, NY  10022-4675
   212/446-4800
   212/446-4900 (Fax)

Scott D. Musoff
Joseph A. Matteo
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
   212/735-3000
   212/735-2000 (Fax)

## Counsel For Plaintiff(s)

Elizabeth A. Berney
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 East 52nd Street, 13th Floor
New York, NY  10022
   212/838-7797
   212/838-7745 (Fax)

Steven J. Toll
Daniel S. Sommers
Matthew K. Handley
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Ave., N.W., Suite 500
Washington, DC  20005-3964
   202/408-4600
   202/408-4699 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario  Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Mark C. Gardy
James S. Notis
Gardy & Notis, LLP
440 Sylvan Avenue, Suite 110
Englewood Cliffs, NJ  07632
   201/567-7377
   201/567-7337 (Fax)

Kent  Bronson
Milberg LLP
One Pennsylvania Plaza
New York, NY  10119
   212/594-5300
   212/868-1229 (Fax)

Jules  Brody
Stull, Stull & Brody
6 East 45th Street, 4th Floor
New York, NY  10017
   212/687-7230
   212/490-2022 (Fax)

SOCIETE GENERALE

Service List - 5/30/2008     (08-0049)

Page 2 of  2

Joseph H. Weiss
James E. Tullman
Richard A. Acocelli

Weiss & Lurie

551 Fifth Avenue, Suite 1600

New York, NY  10176

   212/682-3025
   212/682-3010 (Fax)

# EXHIBIT  A

No. 05-3227

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

JUL 2 6 2005

LEONARD GREEN, Clerk

In re: NEW JERSEY DEPARTMENT OF THE     )
TREASURY, DIVISION OF INVESTMENT,       )
                                        )        O R D E R
            Petitioner.                 )
                                        )
                                        )

Before: KENNEDY, CLAY, and GILMAN, Circuit Judges.


This securities litigation was brought against Cardinal Health, Inc., a provider of products and services for the healthcare industry. The district court consolidated ten separate actions brought against Cardinal by various plaintiffs under the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (PSLRA). By order of January 26, 2005, the district court selected a lead plaintiff, the Pension Fund Group, and its counsel to represent all plaintiffs. In this petition for a writ of mandamus, another contender, the New Jersey Department of Treasury, asks this court to: 1) vacate that decision, and 2) appoint it the lead plaintiff. In a prior order, the court allowed a period of time for response to the petition. The Pension Fund Group has now responded to the petition.[1]

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re American*

---

[1] Two other unsuccessful contenders, First New York Securities, LLC, and Wood Asset Management, also argue that they were improperly denied the job of lead plaintiff. They did not separately seek relief in mandamus but have filed in response to the instant petition. It cannot be concluded that they join in the instant petition because they, for their own reasons, oppose the appointment of New Jersey as lead plaintiff.

*President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir. 1991) (order). Petitions for relief in mandamus are evaluated under the five guidelines adopted in *In re Bendectin Prod. Litig.*, 749 F.2d 300, 304 (6th Cir. 1984):

> 1) The party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired;
>
> 2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.);
>
> 3) The district court's order is clearly erroneous as a matter of law;
>
> 4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules;
>
> 5) The district court's order raises new and important problems, or issues of law of first impression.

This court often has reiterated this test, noting that it is flexible in nature and that it is a "safety valve" to the final-judgment rule. *In re Chimenti*, 79 F.3d 534, 539 (6th Cir. 1990), *quoting In re School Asbestos Litig.*, 977 F.2d 764, 773 (3d Cir. 1992).

The appointment of a lead plaintiff in a securities action is not an immediately appealable collateral order. *Florida State Bd. of Admin. v. Brick*, 210 F.3d 371, 2000 WL 178416 (6th Cir. Feb. 8, 2000) (unpublished); *see also Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215 (9th Cir. 2000); *Metro Services Inc. v. Wiggins*, 158 F.3d 162, 165 (2d Cir. 1998). We note that the petitioner did not seek an interlocutory appeal under 28 U.S.C. § 1292(b), but that fact does not automatically rule out the possibility of mandamus relief. *In re Chimenti*, 79 F.3d at 538.

However, it cannot be concluded that the district court's decision was clearly erroneous or that the petitioner will be damaged in a way not correctable on appeal. The district court concluded that the petitioner's trading patterns "will make it susceptible to claims that New Jersey did not rely on the Defendant's alleged misrepresentations when purchasing Cardinal stock." The petitioner

No. 05-3227
- 3 -

suggests that this holding will preclude the claims of all class members who purchased stock near the close of the class period after certain adverse disclosures had been made. This reads too broadly the district court's holding. A substantive ruling with respect to such a defense has not been made, and the district court noted that it did not intend to express an opinion on liability or damages. Further, it cannot be concluded that such a substantive ruling on a defense would be unreviewable on appeal at a later time.

Finally, the statute permits the appointment of a group as the lead plaintiff provided that the group is determined to be capable of representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(i). We cannot conclude that the district court erred in determining that the Pension Fund Group would represent the best interests of the plaintiff class.

Therefore, the petition for relief in mandamus is **DENIED**. Fed. R. App. P. 21(b)(1).


ENTERED BY ORDER OF THE COURT


_Leonard Green_
Clerk

# EXHIBIT  B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————x

BRIAN T. WEISS, On Behalf of Himself and All　:
Others Similarly Situated,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff,　　　　　　　　　　:　Case No. 1:05-CV-04617 (RJH)
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　vs.　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
FRIEDMAN, BILLINGS, RAMSEY GROUP,　　　:
INC., ERIC F. BILLINGS, EMANUEL J.　　　　　:
FRIEDMAN and KURT R. HARRINGTON,　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
————————————————————————　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
VAN DER JAGT FAMILY TRUST, Individually　:
and On Behalf of All Others Similarly Situated,　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff,　　　　　　　　　　:　Case No. 1:05-CV-04706 (RJH)
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　vs.　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
FRIEDMAN, BILLINGS, RAMSEY GROUP,　　　:
INC., ERIC F. BILLINGS, EMANUEL J.　　　　　:
FRIEDMAN and KURT R. HARRINGTON,　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
————————————————————————

**[Caption continues on next page]**

**NOTICE OF MOTION OF THE FBR GROUP FOR CONSOLIDATION,**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL**
**OF SELECTION OF LEAD COUNSEL**

JOHN GRAEBNER, On Behalf of Himself and
All Others Similarly Situated,                          :

                       Plaintiff,          :

       vs.          :

FRIEDMAN, BILLINGS, RAMSEY GROUP,
INC., ERIC F. BILLINGS, EMANUEL J.
FRIEDMAN and KURT R. HARRINGTON,          :

                   Defendants.          :

Case No. 1:05-CV-04771 (RJH)

MICHELLE POSNER, Individually and On
Behalf of All Others Similarly Situated,          :

                       Plaintiff,          :

       vs.          :

FRIEDMAN, BILLINGS, RAMSEY GROUP,
INC., ERIC F. BILLINGS, EMANUEL J.
FRIEDMAN and KURT R. HARRINGTON,          :

                   Defendants.          :

Case No. 1:05-CV-04795 (RJH)

LEMON BAY PARTNERS, LLP, Individually
and On Behalf of All Others Similarly Situated,          :

                       Plaintiff,          :

       vs.          :

FRIEDMAN, BILLINGS, RAMSEY GROUP,
INC., ERIC F. BILLINGS, EMANUEL J.
FRIEDMAN and KURT R. HARRINGTON,          :

                   Defendants.          :

Case No. 1:05-CV-04818 (RJH)

**[Caption continues on next page]**

|  | : |  |
| --- | --- | --- |
| SAM MANEWITZ, On Behalf of Himself and a Class of Persons Similarly Situated, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:05-CV-04824 (RJH) |
| | : | |
| vs. | : | |
| | : | |
| FRIEDMAN, BILLINGS, RAMSEY GROUP, INC., ERIC F. BILLINGS, EMANUEL J. FRIEDMAN and KURT R. HARRINGTON, | : | |
| | : | |
| Defendants. | : | |

|  | : |  |
| --- | --- | --- |
| STEVEN WEISSMAN, Individually and On Behalf of All Others Similarly Situated, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:05-CV-04851 (TPG) |
| | : | |
| vs. | : | |
| | : | |
| FRIEDMAN, BILLINGS, RAMSEY GROUP, INC., ERIC F. BILLINGS, EMANUEL J. FRIEDMAN and KURT R. HARRINGTON, | : | |
| | : | |
| Defendants. | : | |

|  | : |  |
| --- | --- | --- |
| DANIEL C. PFISTER, JR., and HONEY LEE RICHLESS, On Behalf of Themselves and a Class of Persons Similarly Situated, | : | Case No. 1:05-CV-04877 (RJH) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| FRIEDMAN, BILLINGS, RAMSEY GROUP, INC., ERIC F. BILLINGS, EMANUEL J. FRIEDMAN and KURT R. HARRINGTON, | : | |
| | : | |
| Defendants. | : | |

**[Caption continues on next page]**

|  |  |
|---|---|
| MERLE DAVIS, On Behalf of Himself and All Others Similarly Situated, | : |
| | : |
| | : Case No. 1:05-CV-04889 (SAS) |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| FRIEDMAN, BILLINGS, RAMSEY GROUP, INC., ERIC F. BILLINGS, EMANUEL J. FRIEDMAN and KURT R. HARRINGTON, | : |
| | : |
| | : |
| Defendants. | : |
| | : |
| STEVEN A. ETTINGER, On Behalf of Himself and All Others Similarly Situated, | : |
| | : |
| | : Case No. 1:05-CV-05090 (PKC) |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| FRIEDMAN, BILLINGS, RAMSEY GROUP, INC., ERIC F. BILLINGS, EMANUEL J. FRIEDMAN and KURT R. HARRINGTON, | : |
| | : |
| Defendants. | : |
| | : |
| L. NORMAN SHOWERS, Individually And On Behalf of All Others Similarly Situated, | : |
| | : |
| | : |
| Plaintiff, | : Case No.:  1:05-CV-06219 (KMW) |
| | : |
| vs. | : |
| | : |
| FRIEDMAN, BILLINGS, RAMSEY GROUP, INC., ERIC F. BILLINGS, EMANUEL J. FRIEDMAN, KURT R. HARRINGTON, and ROBERT J. KIERNAN, | : |
| | : |
| | : |
| Defendants. | : |
| | : |

PLEASE TAKE NOTICE that Class members Central Laborers' Pension Fund, the International Union of Operating Engineers Local 825 Pension Fund ("Local 825 Pension Fund"), the New Jersey Carpenters Pension and Annuity Funds, and Ronald E. Cuneo (collectively, the "FBR Group" or "Movant"), by their counsel, will move this Court on a date and at such time as may be designated by the Court, at 500 Pearl Street, New York, New York for an Order (attached as Exhibit A hereto): (i) consolidating the above-captioned actions; (ii) appointing the FBR Group as Lead Plaintiff; (iii) approving the FBR Group's selection of the law firm of Milberg Weiss Bershad & Schulman LLP to serve as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.  In support of this Motion, the FBR Group submits herewith a Memorandum of Law, [Proposed] Order and the Declaration of Peter E. Seidman dated July 11, 2005.

DATED: July 11, 2005

**MILBERG WEISS BERSHAD & SCHULMAN LLP**

By:  _____/s/ _Peter E. Seidman_____
Steven G. Schulman  (SS-2561)
Peter E. Seidman (PS-8769)
Sharon M. Lee (SL-5612)
One Pennsylvania Plaza - 49th Floor
New York, NY  10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

**Proposed Lead Counsel**

**KROLL HEINMAN GIBLIN**
Vincent M. Giblin
99 Wood Avenue South, Suite 307
Iselin, NJ  08830
Telephone: (732) 491-2100
Facsimile: (732) 491-2120

**LAW OFFICES OF
  MICHAEL A. SWICK PLLC**
Michael A. Swick
One William Street, Ste. 555
New York, NY  10004
Telephone:  (212) 920-4310
Facsimile:  (212) 584-0799

**LAW OFFICE OF BRUCE G.
MURPHY**
Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL 32963
Telephone: (772) 231-4202
Facsimile: (772) 234-6608

**Plaintiff's Counsel**

## <u>CERTIFICATE OF SERVICE BY ATTORNEY</u>

I, Sharon M. Lee, an associate at the law firm of Milberg Weiss Bershad & Schulman LLP, hereby certify that on July 11, 2005, I caused the following documents to be served on all parties on the attached service list via U.S. Mail.

1. NOTICE OF MOTION OF THE FBR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

2. MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE FBR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

3. [PROPOSED] ORDER CONSOLIDATING ACTIONS, APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4. DECLARATION OF PETER E. SEIDMAN IN SUPPORT OF THE MOTION OF THE FBR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

Dated: July 11, 2005

_____/s/   Sharon M. Lee ___ ____
Sharon M. Lee

# FRIEDMAN BILLINGS

### SERVICE LIST

*Counsel for Plaintiffs:*

William S. Lerach
Darren J. Robbins
**LERACH COUGHLIN STOIA GELLER RUDMAN**
 **& ROBBINS LLP**
401 B Street, Suite 1600
San Diego, CA  92101
619.231.1058 (Tel)
619.231.7423 (Fax)

David R. Scott
Neil Rothstein
**SCOTT + SCOTT, LLC**
108 Norwich Avenue
Colchester, CT  06415
860.537.5537 (Tel)
860.537.4432 (Fax)

Marian P. Rosner
Carl L. Stine
Renee L. Karalian
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
212.759.4600 (Tel)
212.486.2093 (Fax)

Christopher J. Gray
**LAW OFFICES OF CHRISTOPHER J. GRAY, P.C.**
460 Park Avenue, 21st Floor
New York, NY 10022
212.838.3221 (Tel)
212.508.3695 (Fax)

Samuel H. Rudman
David A. Rosenfeld
**LERACH COUGHLIN STOIA GELLER**
 **RUDMAN & ROBBINS LLP**
200 Broadhollow Road, Ste. 406
Melville, NY 11747
631.367.7100 (Tel)
631.367.1173 (Fax)

Evan J. Smith
**BRODSKY & SMITH, LLC**
240 Mineola Blvd.
Mineola, NY 11501
561.741.4977 (Tel)
610.667.9029 (Fax)

Eric James Belfi
Christopher S. Hinton
**MURRAY, FRANK & SAILER, LLP**
275 Madison Avenue, Ste. 801
New York, NY 10016
212.682.1818 (Tel)
212.682.1892 (Fax)

Jules Brody
Aaron Lee Brody
Tzivia Brody
**STULL STULL & BRODY**
6 East 45th Street, 5th Floor
New York, NY 10017
212.687.7230 (Tel)
212.490.2022 (Fax)

Stanley M. Grossman
Shaheen Rushd
Jeremy A. Lieberman
**POMERANTZ HAUDEK BLOCK**
 **GROSSMAN & GROSS LLP**
100 Park Avenue, 26th Floor
New York, NY  10017
212.661.1100 (Tel)
212.661.8665 (Fax)

Patrick V. Dahlstrom
**POMERANTZ HAUDEK BLOCK**
 **GROSSMAN & GROSS LLP**
One North La Salle Street, Suite 2225
Chicago, IL  60602
312.377.1181 (Tel)
312.377.1184 (Fax)

Stephen A. Weiss
Eric T. Chaffin
**SEEGER WEISS, LLP**
One William Street
New York, NY  10004
212.584.0700 (Tel)
212.584.0799 (Fax)

Charles J. Piven
**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
The World Trade Center - Baltimore
401 East Pratt Street, Suite 2525
Baltimore, MD  21202
410.986.0036 (Tel)

Mark C. Gardy
Nancy Kaboolian
Stephen T. Rodd
**ABBEY GARDY LLP**
212 East 39th Street
New York, NY  10016
212.889.3700 (Tel)
212.684.5191 (Fax)

Steven J. Toll
Daniel S. Sommers
Joshua S. Devore
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
West Tower, Suite 500
1100 New York Avenue, N.W.
Washington, D.C.  20005-3964
202.408.4600 (Tel)
202.408.4699 (Fax)

Michael A. Swick
**LAW OFFICES OF MICHAEL A. SWICK**
One William Street, Suite 555
New York, NY  10004
212.920.4310 (Tel)
212.584.0799 (Fax)

Bruce G. Murphy
**LAW OFFICE OF BRUCE G. MURPHY**
265 Llwyds Lane
Vero Beach, FL  32963
772.231.4202 (Tel)
772.234.6608 (Fax)

Richard S. Wayne
Thomas P. Glass
Matthew R. Chasar
John M. Levy
**STRAUSS & TROY**
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH  45202-4018
513.621.2120 (Tel)
513.629.9426 (Fax)

Roy L. Jacobs
**ROY JACOBS & ASSOCIATES**
60 East 42nd Street - 46th Floor
New York, NY  10165
212.867.1156 (Tel)
212.504.8386 (Fax)

Joseph H. Weiss
**WEISS & LURIE**
551 Fifth Avenue - Suite 1600
New York, NY  10176
212.682.3025 (Tel)
212.682.3010 (Fax)

Laurence D. Paskowitz
**PASKOWITZ & ASSOCIATES**
60 East 42nd Street - 46th Floor
New York, NY  10165
212.685.0969 (Tel)
212.685.2306 (Fax)

Lionel Z. Glancy
Michael Goldberg
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
310.201.9150 (Tel)
310.201.9160 (Fax)

Vincent M. Giblin
**KROLL HEINMAN GIBLIN**
99 Wood Avenue South, Suite 307
Iselin, NJ  08830
732.491.2100 (Tel)
732.491.2120 (Fax)

*Counsel for Defendants:*

William B. Pittard, IV
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, Northwest
Washington, D.C.  20005
202.434.5000 (Tel)
202.434.5029 (Fax)

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x
JAMES CURKIN, Individually and On Behalf of  :
All Others Similarly Situated,  :
  :
               Plaintiff,  :  CASE NO. 1:05-CV-02827 (KMW)
  :
     vs.  :
  :
HOWARD SOLOMON and FOREST  :
LABORATORIES, INC.,  :
  :
            Defendants.  :
  :
————————————————————————
  :
JAMES SHANNON JACKSON, On Behalf of  :
Himself and All Others Similarly Situated,  :
  :  CASE NO. 1:05-CV-02930 (KMW)
               Plaintiff,  :
  :
     vs.  :
  :
HOWARD SOLOMON and FOREST  :
LABORATORIES, INC.,  :
  :
            Defendants.  :
————————————————————————x

**[Caption continues on next page]**

**NOTICE OF MOTION OF THE NEW JERSEY INSTITUTIONAL**
**INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS**
**<u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

|  | x |  |
|---|---|---|
| PATRICK JUIN K. LIM, Individually and On Behalf of Himself and All Others Similarly Situated, | : : : | CASE NO. 1:05-CV-03209 (KMW) |
|  | : |  |
| Plaintiff, | : : |  |
|  | : |  |
| vs. | : : |  |
| HOWARD SOLOMON and FOREST LABORATORIES, INC., | : : : : |  |
|  | : |  |
| Defendants. | : : |  |
|  | : |  |
| AMS FUND, INC., On Behalf of Itself and All Others Similarly Situated, | : : : | CASE NO. 1:05-CV-04403 (NRB) |
| Plaintiff, | : : |  |
|  | : |  |
| vs. | : : |  |
| HOWARD SOLOMON AND FORREST LABORATORIES, INC., | : : : |  |
|  | : |  |
| Defendants. | : x |  |

PLEASE TAKE NOTICE that Class members New Jersey Carpenters Pension and Annuity Funds and the New Jersey Building Laborers Pension and Annuity Funds (the "New Jersey Institutional Investor Group" or "Movant"), by their counsel, will move this Court on a date and at such time as may be designated by the Court, at 500 Pearl Street, New York, New York for an Order (attached as Exhibit A hereto): (i) consolidating the above-captioned actions; (ii) appointing the New Jersey Institutional Investor Group as Lead Plaintiff; (iii) approving the New Jersey Institutional Investor Group's selection of the law firm of Milberg Weiss Bershad & Schulman LLP to serve as Lead Counsel; and (iv) granting such other and further relief as the

Court may deem just and proper.  In support of this Motion, the New Jersey Institutional Investor

Group submits herewith a Memorandum of Law, [Proposed] Order and the Declaration of Steven

G. Schulman dated May 10, 2005.

DATED: May 10, 2005

**MILBERG WEISS BERSHAD &
SCHULMAN LLP**

By: _____/s/ Steven G. Schulman_____
Steven G. Schulman  (SS-2561)
Peter E. Seidman (PS-8769)
One Pennsylvania Plaza - 49th Floor
New York, NY  10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

***Proposed Lead Counsel***

**KROLL HEINEMAN GIBLIN**
Vincent M. Giblin
99 Wood Avenue South
Suite 307
Iselin, NJ  08830
Telephone: (732) 491-2100
Facsimile: (732) 491-2120

***Of Counsel***

## CERTIFICATE OF SERVICE BY ATTORNEY

I, Sharon M. Lee, an associate at the law firm of Milberg Weiss Bershad & Schulman LLP, hereby certify that on May 10, 2005, I caused the following documents to be served on all parties on the attached service list via U.S. Mail.

1. NOTICE OF MOTION OF THE NEW JERSEY INSTITUTIONAL INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

2. MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE NEW JERSEY INSTITUTIONAL INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

3. [PROPOSED] ORDER CONSOLIDATING ACTIONS, APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4. DECLARATION OF STEVEN G. SCHULMAN IN SUPPORT OF THE MOTION OF THE NEW JERSEY INSTITUTIONAL INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

Dated: May 10, 2005

_____/s/   Sharon M. Lee_____
Sharon M. Lee

FOREST LABORATORIES, INC.
SERVICE LIST

| | |
|---|---|
| **_Counsel for Plaintiffs:_** | |
| Samuel H. Rudman<br>**Lerach Coughlin Stoia Geller Rudman &<br>  Robbins LLP**<br>200 Broadhollow Road, Suite 406<br>Melville, NY  11747<br>Tel: (631) 367-7100<br>Fax: (631) 367-1173 | William S. Lerach<br>Darren J. Robbins<br>**Lerach Coughlin Stoia Geller Rudman &<br>  Robbins LLP**<br>401 B Street, Suite 1600<br>San Diego, CA  92101<br>Tel: (619) 231-1058<br>Fax: (619) 231-7423 |
| Jonathan W. Cuneo<br>Harris Pogust<br>**Cuneo Pogust & Mason**<br>317 Massachusetts Avenue, NE, Suite 200<br>Washington, DC  20002<br>Tel: (202) 789-3960<br>Fax: (202) 789-0489 | Eric J. Belfi<br>Paul T. Curley<br>**Murray, Frank & Sailer LLP**<br>275 Madison Avenue, 8th Floor<br>New York, NY  10016<br>Tel: (212) 682-1818<br>Fax: (212) 682-1892 |
| Bruce G. Murphy<br>**Law Offices of Bruce G. Murphy**<br>265 Llwyds Lane<br>Vero Beach, Florida  32963<br>Tel: (772) 231-4202 | Michael Goldberg<br>**Glancy Binkow & Goldberg LLP**<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA  90067<br>Tel: (310) 201-9150<br>Fax: (310) 201-9160 |
| Randall K. Pulliam<br>**Baron & Budd, P.C.**<br>3102 Oak Lawn Avenue<br>Suite 1100<br>Dallas, TX  75219<br>Tel: (214) 521-3605<br>Fax: (214) 520-1181 | Jules Brody<br>Aaron Brody<br>Tzivia Brody<br>**Stull, Stull & Brody**<br>6 East 45th Street<br>New York, NY  10017<br>Tel: (212) 687-7230<br>Fax: (212) 490-2022 |

| | |
|---|---|
| Jospeh H. Weiss<br>**Weiss & Lurie**<br>551 Fifth Avenue<br>New York, NY 10176<br>Tel: (212) 682-3025<br>Fax: (212) 682-3010 | David R. Scott<br>Neil Rothstein<br>Erin Green Comite<br>**Scott + Scott, LLC**<br>P.O. Box 192<br>108 Norwich Avenue<br>Colchester, CT 06415<br>Tel: (860) 537-5537<br>Fax: (860) 537-4432 |
| Arthur L. Shingler, III<br>Amy K. Saba<br>**Scott + Scott, LLC**<br>Wells Fargo Building<br>401 B Street, Suite 307<br>San Diego, CA 92101<br>Tel: (619) 233-4565<br>Fax: (619) 233-0508 | |
| ***Counsel for Defendants:*** | |
| **Forest Laboratories, Inc.**<br>Legal Department<br>909 Third Avenue<br>New York, NY 10022<br>Tel: (212) 421-7850 | |

DOCS\280968v1

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A1 CREDIT COMPANY,<br>F/B/O EILEEN HERSKOWITZ, on<br>HERSKOWITZ, on behalf of itself and all<br>others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAIT FINANCIAL TRUST, BETSY COHEN,<br>DANIEL COHEN, JACK E. SALMON,<br>FRIEDMAN BILLINGS RAMSEY and<br>BEAR, STEARNS & CO., INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:07-cv-03148-LDD |
| SARAH STOLPESTAD, individually and on<br>behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAIT FINANCIAL TRUST, BETSY Z. COHEN,<br>DANIEL G. COHEN and JACK E. SALMON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:07-cv-03236-LDD |

(Additional captions as set forth below)

## MOTION OF THE LVC GROUP FOR CONSOLIDATION, FOR THEIR APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPROVAL OF LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL

| | | |
|---|---|---|
| CHRIS MOORE, individually<br>and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>RAIT FINANCIAL TRUST, BETSY Z. COHEN,<br>DANIEL G. COHEN and JACK E. SALMON,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:07-cv-03405-LDD |
| THEONA B. SALKOWITZ, on behalf of<br>herself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>RAIT FINANCIAL TRUST, BETSY COHEN,<br>DANIEL COHEN, JACK E. SALMON,<br>FRIEDMAN BILLINGS RAMSEY and<br>BEAR, STEARNS & CO., INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:07-cv-03406-LDD |
| JACK REYNOLDS, individually and on behalf<br>of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>RAIT FINANCIAL TRUST, BETSY Z. COHEN,<br>ELLEN J. DISTEFANO, DANIEL G. COHEN,<br>and JACK E. SALMON,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:07-cv-03478-LDD |

(Additional captions as set forth below)

| | | |
|---|---|---|
| JOSEPH BORDEN, individually and on behalf of all others similarly situated, | ) ) | Case No. 2:07-cv-03497-LDD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAIT FINANCIAL TRUST, BETSY Z. COHEN, DANIEL G. COHEN and JACK E. SALMON, | ) ) | |
| | ) | |
| Defendants. | ) | |
| DAVID JAROSLAWICZ, | ) | Case No. 2:07-cv-03551-LDD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAIT FINANCIAL TRUST, BETSY Z. COHEN, DANIEL G. COHEN and JACK E. SALMON, | ) ) | |
| | ) | |
| Defendants. | ) | |
| CHARLOTTE H. COLLUMS LIVING TRUST DATED 1/22/97, on behalf of itself and all others similarly situated, | ) ) ) | Case No. 2:07-cv-03574-LDD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAIT FINANCIAL TRUST, BETSY Z. COHEN, DANIEL G. COHEN and JACK E. SALMON, | ) ) | |
| | ) | |
| Defendants. | ) | |

(Additional captions as set forth below)

| | | |
|---|---|---|
| DONALD SMITH, on behalf of Plaintiff and all others similarly situated, | ) ) | Case No. 2:07-cv-03831-LDD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAIT INVESTMENT TRUST, BETSY Z. COHEN,  DANIEL G. COHEN and JACK E. SALMON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF THE LVC GROUP FOR CONSOLIDATION, FOR
THEIR APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPROVAL
OF LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL**

Class members Lewis Vernekoff, New Jersey Carpenters Pension Fund and Pengsen Liu (collectively, "The LVC Group" or "Movants"), by and through their undersigned counsel, hereby move this Court for an Order:

(a)    Consolidating all of the above-captioned related actions for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

(b)    Appointing The LVC Group as Lead Plaintiffs for the Class pursuant to §21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and

(c)    Approving Movants' selection of Berger & Montague, P.C. and Milberg Weiss LLP to serve as Co-Lead Counsel for the Class pursuant to §21D(a)(3)(B)(v) of the PSLRA.

In support of their Motion, Movants, through their counsel, state as follows:

1.    Movants, The LVC Group, have timely filed their motion and, pursuant to the PSLRA, are believed to constitute the investors with the largest financial interest in the outcome of the case. Movants meet the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the class, and they will fairly and adequately represent the interests of the class. Movants' choice of counsel should be accepted by this Court because their selected counsel are firms that are highly experienced in prosecuting complex actions in federal courts.

2.    In further support of their motion, Movants rely on the accompanying (i) Memorandum of Law in Support of Motion of The LVC Group for Consolidation, for their Appointment as Lead Plaintiffs and for Approval of Lead Plaintiffs' Selection of Co-Lead Counsel;

and (ii) Declaration of Jeffrey L. Osterwise, Esq. in Support of Motion of The LVC Group for

Consolidation, for their Appointment as Lead Plaintiffs and for Approval of Lead Plaintiffs'

Selection of Co-Lead Counsel.


Dated: October 1, 2007                    Respectfully submitted,

                                          **BERGER & MONTAGUE, P.C.**


                         By:      ____/s/ Barbara A. Podell____
                                  Sherrie R. Savett (I.D. #17646)
                                  Barbara A. Podell (I.D. #28583)
                                  Arthur Stock (I.D. #64336)
                                  Jeffrey L. Osterwise (I.D. #201859)
                                  1622 Locust Street
                                  Philadelphia, PA 19103
                                  Tel.:   (215) 875-3000
                                  Fax:    (215) 875-4604

                                  **Proposed Co-Lead Counsel**

                                  Lori G. Feldman
                                  Anita Kartalopoulos
                                  Ted J. Swiecichowski
                                  **MILBERG WEISS LLP**
                                  One Pennsylvania Plaza, 49th Floor
                                  New York, NY  10119
                                  Tel.:   (212) 594-5300
                                  Fax:    (212) 868-1229

                                  **Proposed Co-Lead Counsel**

                                  Vincent M. Giblin
                                  **KROLL HEINEMAN GIBLIN, LLC**
                                  Metro Corporate Campus I
                                  99 Wood Avenue South, Suite 307
                                  Iselin, NJ 08830
                                  Tel.:   (732) 491-2100
                                  Fax:    (732) 491-2120

**Attorneys for Plaintiff New Jersey
Carpenters Pension Fund**

malta431792-005.wpd

3

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

| | |
|---|---|
| SRINIVASAN SHANKAR, Individually, and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>BOSTON SCIENTIFIC CORPORATION, JAMES R. TOBIN, PAUL A. LAVIOLETTE, FREDRICUS A. COLEN, LAWRENCE C. BEST and STEPHEN F. MORECI,<br><br>     Defendants. | Case No. 05-CV-11934-JLT<br><br>CLASS ACTION |
| JACK YOPP, Individually, and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>BOSTON SCIENTIFIC CORPORATION, JAMES R. TOBIN, PAUL A. LAVIOLETTE, FREDRICUS A. COLEN, LAWRENCE C. BEST and STEPHEN F. MORECI,<br><br>     Defendants. | Case No. 05-CV-11954-JLT<br><br>CLASS ACTION |

**(Additional Captions Set Forth Below)**

**MOTION OF THE BOSTON SCIENTIFIC INSTITUTIONAL INVESTOR GROUP
FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF,
AND APPROVAL OF LEAD PLAINTIFF'S SELECTION
OF LEAD COUNSEL AND LIAISON COUNSEL**

ROBERT L. GARBER, on behalf of himself and all
others similarly situated,

                 Plaintiff,

      vs.

BOSTON SCIENTIFIC CORPORATION, JAMES R.
TOBIN, PAUL A. LAVIOLETTE, FREDRICUS A.
COLEN, LAWRENCE C. BEST and STEPHEN F.
MORECI,

                 Defendants.

Case No. 05-CV-12157-JLT

CLASS ACTION

---

BETTY C. MEYER, Individually, and on Behalf of All
Others Similarly Situated,

                 Plaintiff,

      vs.

BOSTON SCIENTIFIC CORPORATION, JAMES R.
TOBIN, PAUL A. LAVIOLETTE, FREDRICUS A.
COLEN, LAWRENCE C. BEST,
and STEPHEN F. MORECI,

                 Defendants.

Case No. 05-CV-12194-JLT

CLASS ACTION

---

JOHN RYAN, Individually, and on Behalf of All Others
Similarly Situated,

                 Plaintiff,

      vs.

BOSTON SCIENTIFIC CORPORATION, JAMES R.
TOBIN, PAUL A. LAVIOLETTE, FREDRICUS A.
COLEN, LAWRENCE C. BEST and STEPHEN F.
MORECI,

                 Defendants.

Case No. 05-CV-12203-JLT

CLASS ACTION

New Jersey Building Laborers Pension and Annuity Funds, NJ Carpenters Pension and Annuity Funds, Operating Engineers Local 825 Pension Fund and The City of Sarasota Firefighters' Pension Fund (collectively, the "Boston Scientific Institutional Investor Group"), by their counsel, hereby move this Court for an Order: (i) consolidating the above-captioned actions; (ii) appointing the Boston Scientific Institutional Investor Group as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approving the Boston Scientific Institutional Investor Group's selection of Milberg Weiss Bershad & Schulman LLP as Lead Counsel, and Moulton & Gans as Liaison Counsel of the actions, pursuant to the PSLRA.  In support of this Motion, Movants submit herewith a Memorandum of Law, a Declaration, and a [Proposed] Order.

DATED:          November 21, 2005

                                        Respectfully submitted:

                                        **MOULTON & GANS, P.C.**


                                        By:  /s/ Nancy Freeman Gans
                                        Nancy Freeman Gans, BBO #184540
                                        33 Broad Street, Suite 1100
                                        Boston, MA  02109-4216
                                        (617) 369-7979

                                        *Proposed Liaison Counsel*

                                        **MILBERG WEISS BERSHAD**
                                        **& SCHULMAN LLP**
                                        Steven G. Schulman
                                        Anita B. Kartalopoulos
                                        Andrei V. Rado
                                        One Pennsylvania Plaza
                                        New York, NY 10119
                                        (212) 594-5300

                                        *Proposed Lead Counsel*

327391-1

**LOCAL RULE 7.1 CERTIFICATE**

I, Nancy Freeman Gans, counsel for The Boston Scientific Institutional Investor Group, certify that on November 21, 2005, I consulted with William Paine, Esquire, Wilmer Cutler Pickering Hale and Dorr LLP, counsel for defendants, regarding the within Motion for Consolidation, and notified him about the Motion for Appointment of Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel.  Defendants assent to the Motion for Consolidation.  The Motion for Appointment of Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel is mandated by statute.

Dated:    November 21, 2005

/s/ Nancy Freeman Gans
Nancy Freeman Gans


**CERTIFICATE OF SERVICE**

I, Andrei V. Rado, hereby certify that I served a copy of the foregoing document upon counsel for all parties this 21st day of November, 2005.

/s/ Andrei V. Rado
Andrei V. Rado


7391v1

327391-1

# EXHIBIT F

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 880—RETAIL FOOD EMPLOYERS JOINT PENSION FUND, and UNITED FOOD AND COMMERCIAL WORKERS UNION – EMPLOYER PENSION FUND, | |
| Individually and On Behalf of All Others Similarly Situated, | Case No. 07CV00102 (RBW) |
| Plaintiff, | |
| v. | |
| SUNRISE SENIOR LIVING, INC., PAUL J. KLAASSEN, THOMAS B. NEWELL, BRADLEY R. RUSH, RONALD V. APRAHAMIAN, J. DOUGLAS HOLLADAY, THOMAS J. DONAHUE, WILLIAM G. LITTLE, TERESA M. KLAASSEN, CRAIG R. CALLEN, and J. BARRON ANSCHUTZ, | |
| Defendants. | <u>DEMAND FOR JURY TRIAL</u> |

[Caption continued on following page]

**MOTION OF THE CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST AND THE OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR (1) APPOINTMENT AS LEAD PLAINTIFFS; (2) APPROVAL OF THEIR SELECTION OF COUNSEL AS CO-LEAD COUNSEL FOR THE CLASS; AND (3) CONSOLIDATION OF ALL RELATED ACTIONS**

| FIRST NEW YORK SECURITIES LLC, | |
| Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No. 07CV00294 (RBW) |
| SUNRISE SENIOR LIVING, INC., PAUL J. KLAASSEN, THOMAS B. NEWELL, BRADLEY R. RUSH, RONALD V. APRAHAMIAN, J. DOUGLAS HOLLADAY, THOMAS J. DONAHUE, WILLIAM G. LITTLE, TERESA M. KLAASSEN, CRAIG R. CALLEN, and J. BARRON ANSCHUTZ, | |
| Defendants. | |
| | DEMAND FOR JURY TRIAL |

PLEASE TAKE NOTICE that on a date and time as may be set by the Court, before the Honorable Reggie B. Walton, at the United States District Court for the District of Columbia, located at the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001, Courtroom 5, the City of Miami General Employees' & Sanitation Employees' Retirement Trust (the "Miami Retirement Trust") and the Oklahoma Firefighters Pension and Retirement System (the "Oklahoma Firefighters" and, collectively with the Miami Retirement Trust, the "Public Retirement Systems"), will respectfully move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an Order: (i) appointing the Miami Retirement Trust and the Oklahoma Firefighters as Lead Plaintiffs in the above-captioned action, approving their selection of the law firms of Bernstein Litowitz Berger & Grossmann LLP and Berman DeValerio Pease Tabacco Burt & Pucillo as Co-Lead Counsel for the Class and their selection of the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as liaison counsel for the Class, and consolidating all related actions under Federal Rules of Civil Procedure 42(a).

The Public Retirement Systems believe that they have the largest financial interest in the relief sought by the Class and, thus, should be appointed Lead Plaintiffs. Collectively, the Public Retirement Systems purchased 47,731 shares of common stock of Sunrise Senior Living, Inc. ("Sunrise") between August 4, 2005 and June 15, 2006 (the "Relevant Period"), expending a total of $1,565,676 million to purchase those shares. Based upon these transactions, the Public Retirement Systems sustained losses of

$171,246 on both a first-in, first-out ("FIFO") and on a last-in, first-out ("LIFO") basis as a result of their investments in Sunrise common stock.

The appointment of the Public Retirement Systems as Lead Plaintiffs would advance the primary goal of the PSLRA lead plaintiff provisions: to encourage institutional investors with large financial stakes in the outcome of the litigation to assume control over securities class actions. In addition, the Public Retirement Systems meet the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of other Class members' claims and because they will fairly and adequately represent the interests of the Class.

This Motion is based upon: (1) the accompanying Memorandum of Law in support thereof; (2) the Declaration of Gerald H. Silk, filed herewith; and (3) the pleadings, and such other written or oral argument as may be permitted by the Court.

For all the above reasons, the Public Retirement Systems respectfully request that the Court: (i) appoint the Miami Retirement Trust and the Oklahoma Firefighters as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Exchange Act; (ii) approve the Public Retirement Systems' selection of Bernstein Litowitz and Berman DeValerio as Co-Lead Counsel for the Class and their selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as liaison counsel for the Class; (iii) consolidate all related actions; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: March 19, 2007                           Respectfully submitted,

                                                /s/ Daniel S. Sommers_____
                                                **COHEN, MILSTEIN, HAUSFELD &**
                                                   **TOLL, P.L.L.C.**
                                                Steven J. Toll, D.C. Bar #225623
                                                Daniel S. Sommers, D.C. Bar #416549
                                                Elizabeth S. Finberg, D.C. Bar #468555

1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C.  20005-3964
Telephone:  (202) 408-4600
Facsimile: (202) 408-4699
*Liaison Counsel for the Oklahoma*
*Firefighters Pension and Retirement System*
*and Proposed and the City of Miami*
*General Employees' & Sanitation*
*Employees' Retirement Trust and Proposed*
*Liaison Counsel for the Class*


**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Gerald H. Silk
Avi Josefson
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
*Counsel for the City of Miami General*
*Employees' & Sanitation Employees'*
*Retirement Trust and Proposed Co-Lead*
*Counsel for the Class*


**BERMAN DEVALERIO PEASE**
  **TABACCO BURT & PUCILLO**
Michael J. Pucillo
Jay W. Eng
Esperante Building
222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401
Telephone: (561) 835-9400
Facsimile: (561) 835-0322
*Counsel for the Oklahoma Firefighters*
*Pension and Retirement System and*
*Proposed Co-Lead Counsel for the Class*

3

**KLAUSNER & KAUFMAN, PA**
Robert D. Klausner
10059 N.W. 1st Court
Plantation, FL 33324
Telephone: (954) 916-1202
Fax: (954) 916-1232
*Additional Counsel for the City of Miami*
*General Employees' & Sanitation*
*Employees' Retirement Trust*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 880—RETAIL FOOD EMPLOYERS JOINT PENSION FUND, and UNITED FOOD AND COMMERCIAL WORKERS UNION – EMPLOYER PENSION FUND, | |
| Individually and On Behalf of All Others Similarly Situated, | Case No. 07CV00102 (RBW) |
| Plaintiff, | |
| v. | |
| SUNRISE SENIOR LIVING, INC., PAUL J. KLAASSEN, THOMAS B. NEWELL, BRADLEY R. RUSH, RONALD V. APRAHAMIAN, J. DOUGLAS HOLLADAY, THOMAS J. DONAHUE, WILLIAM G. LITTLE, TERESA M. KLAASSEN, CRAIG R. CALLEN, and J. BARRON ANSCHUTZ, | |
| Defendants. | <u>DEMAND FOR JURY TRIAL</u> |

[Caption continued on following page]

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST AND THE OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR (1) APPOINTMENT AS LEAD PLAINTIFFS; (2) APPROVAL OF THEIR SELECTION OF COUNSEL AS CO-LEAD COUNSEL FOR THE CLASS; AND (3) CONSOLIDATION OF ALL RELATED ACTIONS**

| | |
|---|---|
| FIRST NEW YORK SECURITIES LLC, <br><br> Individually and On Behalf of All Others Similarly Situated, <br><br>            Plaintiff, <br><br>      v. <br><br> SUNRISE SENIOR LIVING, INC., PAUL J. KLAASSEN, THOMAS B. NEWELL, BRADLEY R. RUSH, RONALD V. APRAHAMIAN, J. DOUGLAS HOLLADAY, THOMAS J. DONAHUE, WILLIAM G. LITTLE, TERESA M. KLAASSEN, CRAIG R. CALLEN, and J. BARRON ANSCHUTZ, <br><br><br>          Defendants. | Case No. 07CV00294 (RBW) <br><br><br><br><br><br><br><br><br><br><br><br><br><br> DEMAND FOR JURY TRIAL |

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .............................................................................................. ii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS .............................................................................................. 3

ARGUMENT ..................................................................................................................... 5

      A.     The Public Retirement Systems Believe That They Have  the
               Largest Financial Interest in the Relief Sought by the Class ...................... 5

      B.     The Public Retirement Systems Are Sophisticated  Institutional
               Investors That Satisfy the Requirements of Rule 23 .................................. 8

      C.     The Court Should Approve the Public Retirement  Systems'
               Choice of Co-Lead Counsel ...................................................................... 9

      D.     The Related Actions Should Be Consolidated ......................................... 11

CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

PAGE(s)

*Andrada v. Atherogenics, Inc.*,
　No. 05 Civ 00061(RJH), 2005 WL 912359
　(S.D.N.Y. April 19, 2005) ........................................................................7

*Aronson v. McKesson HBOC, Inc.*,
　79 F. Supp. 2d 1146 (N.D. Cal. 1999) ........................................................5

*In re Cable & Wireless, PLC Sec. Litig.*,
　217 F.R.D. 372 (E.D. Va. 2003) ..................................................................6

*In re Cendant Corp.*,
　264 F.3d 201 (3d Cir. 2001)...........................................................2, 8, 10

*Constance Sczesny Trust v. KPMG LLP*,
　223 F.R.D. 319 (S.D.N.Y. 2004) .................................................................2

*Glauser v. EVCI Career Colleges Holding Corp.*,
　236 F.R.D. 184 (S.D.N.Y. 2006) .................................................................9

*In re Goodyear Tire & Rubber Co. Sec. Litig.*,
　2004 WL 331493 (N.D. Ohio May 12, 2004) ............................................6

*In re Fannie Mae Sec. Litig.*,
　355 F.Supp.2d 261 (D.D.C. 2005) ..............................................................9

*Hicks v. Morgan Stanley & Co.*,
　No. 01 Civ. 10071(HB), 2003 WL 21672085
　(S.D.N.Y. July 16, 2003) ............................................................................9

*In re McKesson HBOC, Inc. Sec. Litig.*,
　97 F. Supp. 2d 993 (N.D. Cal. 1999) ..........................................................7

*Montoya v. Mamma.com Inc.*,
　No. 05 Civ. 2313(HB), 2005 WL 1278097
　(S.D.N.Y. May 31, 2005)........................................................................2, 5

*In re Olsten Corp. Sec. Litig.*,
　3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..........................................................12

*Sofran v. LaBranche & Co., Inc.*,
　220 F.R.D. 398, 401 (S.D.N.Y. 2004) ......................................................12

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
216 F.R.D. 248 (S.D.N.Y. 2003) ...................................................................8

*Weltz v. Lee*,
199 F.R.D. 398, 401 (S.D.N.Y. 2001) ..........................................................11

*In re XM Satellite Radio Holdings Sec. Litig.*,
237 F.R.D. 13, 17 (D.D.C. 2006) ..................................................2, 5, 8, 10

## FEDERAL STATUTES

15 U.S.C. § 78u-4(a)(3)(A)(i)(II)..................................................................5

15 U.S.C. § 78u-4(a)(3)(B) .....................................................................1, 7

15 U.S.C. § 78u-4(a)(3)(B)(i) ......................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)...........................................................8

15 U.S.C. § 78u-4(a)(3)(B)(v) .....................................................................9

Fed. R. Civ. P. 42(a) ...................................................................................1

The City of Miami General Employees' & Sanitation Employees' Retirement Trust (the "Miami Retirement Trust") and the Oklahoma Firefighters Pension and Retirement System (the "Oklahoma Firefighters" and, collectively with the Miami Retirement Trust, the "Public Retirement Systems") respectfully submit this memorandum in support of their motion: (i) to be appointed as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) for approval of its selection of the law firms of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") as Co-Lead Counsel for the Class and Cohen, Milstein, Hausfeld & Toll P.L.L.C. ("Cohen Milstein") as liaison counsel for the Class; and (iii) for consolidation of all related securities class actions pursuant to Fed. R. Civ. P. 42(a).

## PRELIMINARY STATEMENT

This case involves allegations against Sunrise Senior Living, Inc. ("Sunrise" or the "Company") and certain of its officers and directors (collectively, "Defendants") for violations of the federal securities laws. During the Relevant Period (August 4, 2005 through June 15, 2006), Defendants disseminated to investors materially false and misleading statements regarding the Company's financial condition including significantly overstating earnings.

Pursuant to the PSLRA, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the consolidated action. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court should determine, among other things, which movant has the "largest financial interest" in the relief sought by the Class in this litigation and has made a *prima*

1

*facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Although the PSLRA does not define the term "largest financial interest," a broad body of case law establishes the key factors guiding the Court's analysis:  (1) the number of shares of the subject securities purchased; (2) the net funds expended by the movant to acquire those securities; and (3) the approximate losses suffered by the movant.  *See, e.g., In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 17 (D.D.C. 2006), citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).  In addition to these three factors, many other courts also consider the net number of securities purchased (offsetting the total number purchased by the total number sold).  *See*, *e.g.*, *Montoya v. Mamma.com Inc.,* No. 05 Civ. 2313(HB), 2005 WL 1278097, at *1 (S.D.N.Y. May 31, 2005); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004).

Applying these factors, the Public Retirement Systems believe that they will be able to demonstrate that the have the largest financial interest of any movant.

### THE PUBLIC RETIREMENT SYSTEMS' FINANCIAL INTEREST

| | |
|---|---|
| Net Funds Expended: | $1,217,808 |
| Total Funds Expended: | $1,565,676 |
| Total Shares Purchased: | 47,731 |
| Net Shares Purchased: | 38,024 |
| Approximate Loss: | $171,246 |

As demonstrated below, under these factors the Public Retirement Systems are the "most adequate plaintiffs" in this case.

## STATEMENT OF FACTS

This case involves allegations against Sunrise and certain of its officers and directors for violations of the federal securities laws including Sections 10(b), 14(a), 20(a), and 20A of the Exchange Act.  The Company provides senior living services in the United States, Canada, the United Kingdom, and Germany.  Sunrise also develops senior living communities for itself, for ventures in which it retains an ownership interest, and for third parties.

Plaintiffs allege that during the Relevant Period, Defendants issued materially false and misleading statements regarding the Company's business and its results of operations by improperly accounting for its joint ventures in order to conceal massive losses.  As a result of Defendants' misconduct, Sunrise's common stock traded at artificially inflated prices during the Class Period, reaching a high of $39.68 per share on March 29, 2006, as Sunrise reported outstanding financial results.  Sunrise officers and directors profited from this scheme through a host of improper practices, including massive insider stock sales, the improper backdating and springloading of stock options, and the payment of bonuses triggered by the inflated financial results the Company reported.  The Securities and Exchange Commission has launched an investigation of the Company's practices concerning stock option grants, and Sunrise disclosed the formation of a special committee to conduct an internal investigation.

Specifically, the individual defendants[1] profited from the artificial inflation of Sunrise's stock caused by the Company's fraudulent financial results through illegal insider trading that generated proceeds of over $34 million.  In addition, Sunrise's stock

---

[1]  The individual defendants are Paul J. Klaassen, Thomas B. Newell, Bradley R. Rush, Ronald V. Aprahamian, J. Douglas Holladay, Thomas J. Donahue, William G. Little, Teresa M. Klaassen, Craig R. Callen and J. Barron Anschutz.

option plans were approved and its directors were elected and reelected by shareholder votes made pursuant to proxy statements rendered false and misleading because the descriptions of the Company's stock option plan contained therein concealed the Company's backdating and springloading of options.

On May 9, 2006, Sunrise issued a press release announcing that it was delaying its first quarter 2006 earning release to allow additional time for further review of the accounting treatment applied to its investments in unconsolidated senior living communities, and to complete the review of its Form 10-Q for the first quarter ended March 31, 2006. After a series of additional announcements relating to the delayed filing of Sunrise's financials, the Company informed investors on July 31, 2006, that it would be forced to "reduce net income for all periods impacted, including the years 1999 through 2005," to account for the treatment of joint ventures, the timing of sale accounting and recognition of income from prior sales of real estate. Despite having admitted that its previously issued financial statements overstated the Company's net-income by as much as $110 million, defendants have been unable to provide investors with precise details of the ultimate extent of the contemplated restatement. Indeed, the Company has yet to provide audited financial statements since December 31, 2005.

The disclosure of the Sunrise's material misstatements, and the Company's repeated delays in filing both audited and unaudited financial statements, caused the price of Sunrise stock to fall. In response to the May 9, 2006 announcement that Sunrise would delay its first quarter 2006 earnings release "to allow additional time for further review of the accounting treatment applied to its investments in unconsolidated senior living communities," Sunrise shares dropped $6.95 per share, or 18%, from $39.30 per

share to $32.35 per share on significant volume. By the end of the Relevant Period, June 15, 2006, shares of Sunrise were trading down to $28.54, an additional decline of $3.81 or 12%.

The first complaint against Defendants alleging violations of the Exchange Act was filed on January 16, 2007, and the first notice of this action was published on January 16, 2007. The PSLRA permits any member of the purported class to move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The Public Retirement Systems have satisfied this deadline by making this motion within 60 days of January 16, 2007.

## ARGUMENT

### A.   The Public Retirement Systems Believe That They Have the Largest Financial Interest in the Relief Sought by the Class

As noted above, the analysis central to appointing Lead Plaintiffs focuses on the consideration of three elements:  (1) the number of shares purchased; (2) the total net funds expended by the movant during the relevant period; and (3) the approximate losses suffered by the movant. *See XM Satellite Radio*, 237 F.R.D. at 17. In addition, some courts also consider the number of net shares purchased. *See*, *e.g.*, *Montoya*, 2005 WL 1278097, at *1 (S.D.N.Y. May 31, 2005). "These factors are useful, because they look to relatively objective indicators, such as number of shares purchased or sold, rather than to the ultimate question of damages." *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999).

Based upon these factors, the Public Retirement Systems intend to demonstrate that they have the largest financial interest in this litigation.

**Net Funds Expended**:   The net funds an investor expended on the subject securities during the relevant period equals the difference between the total funds the investor spent to purchase those securities versus the funds it received from sales of those securities.   Courts have held that the net funds an investor expended during the class period is one of the critical factors in determining the movant with the largest financial interest.   *See*, *e.g.*, *In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372 (E.D. Va. 2003); *In re Goodyear Tire & Rubber Co. Sec. Litig.*, 2004 WL 3314943, at *4 (N.D. Ohio May 12, 2004).

Collectively, the Public Retirement Systems expended $1,565,676 to purchase Sunrise shares during the Relevant Period, with net expenditures of $1,235,157.   The Miami Retirement Trust expended $347,868 to acquire Sunrise shares during the Relevant Period, and, since it sold nothing during the Relevant Period, its net expenditure is the same as its total expenditure.   *See* Miami Retirement Trust Certification, Silk Decl. at Ex. B.[2]   The Oklahoma Firefighters expended $1,217,808 to acquire Sunrise shares during the Relevant Period, and had net expenditures of $887,289.   *See* Declaration of Robert Jones, Silk Decl. at Ex. C.

**Approximate Losses**:   In determining a movant's approximate loss, courts have employed either the FIFO or LIFO method.   Collectively, the Public Retirement Systems suffered total losses of $171,246 when calculated using either the FIFO or LIFO method. The Oklahoma Firefighters suffered total losses of $91,566 during the Relevant Period under either a FIFO or LIFO analysis.   *See* Declaration of Robert Jones, Silk Decl. at Ex. C; and loss calculations, Silk Decl. at Ex. E.   The Miami Retirement Trust suffered total

---

[2]   References to the "Silk Decl." are to the Declaration of Gerald H. Silk, which is being filed contemporaneously herewith.

losses of $79,680 during the Relevant Period under either a FIFO analysis or LIFO analysis. *See* Miami Retirement Trust Certification, Silk Decl. at Ex. B; and loss calculations, Silk Decl. at Ex. E.

**Net Shares Purchased:** Net shares purchased equals the number of shares purchased less the number of shares sold during the relevant period. The analysis of the number of net shares a movant has purchased serves to distinguish net purchasers (*i.e.*, those who purchased more stock than they sold) from net sellers (*i.e.*, those who sold more stock than they purchased). The distinction is critical because a net seller may be deemed to have benefited from the fraud, and, thus, may not have a financial interest in the relief sought by the Class. *See Andrada v. Atherogenics, Inc.*, No. 05 Civ. 00061 (RJH), 2005 WL 912359, *4 (S.D.N.Y. April 19, 2005) (*quoting In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 996-97 (N.D. Cal. 1999) ("A net purchaser will, presumably, have a greater interest in the litigation, because he or she was induced by the fraud to purchase shares, and has been left 'holding the bag' when the fraudulent inflation is revealed.").

The Public Retirement Systems are a net purchaser of 38,024 Sunrise shares because they bought a total of 47,731 Sunrise shares, and sold only 9,707 shares, during the Relevant Period. The Oklahoma Firefighters is a net purchaser of 28,439 Sunrise shares, since it bought 38,146 shares and sold 9,707 shares during the Relevant Period. The Miami Retirement Trust is a net purchaser buying 9,585 Sunrise shares and not selling any shares during the Relevant Period.

In sum, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Public Retirement Systems is the presumptive "most adequate plaintiff" and should be appointed as Lead Plaintiffs in

this action.  *See XM Satellite Radio*, 237 F.R.D. at 17; *In re Cendant Corp.*, 264 F.R.D. 201, 222 (3d Cir. 2001).

**B.    The Public Retirement Systems Are Sophisticated Institutional Investors That Satisfy the Requirements of Rule 23**

The PSLRA further provides that the lead plaintiff or plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Cendant Corp.*, 264 F.3d at 222. The Public Retirement Systems have affirmatively demonstrated that they meet the adequacy and typicality requirements of Rule 23, which are the provisions of Rule 23 relevant to the determination of lead plaintiff under the PSLRA.  *See, e.g., Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252-53 (S.D.N.Y. 2003).

Representatives from the Miami Retirement Trust and the Oklahoma Firefighters have each affirmed their understanding of the duties owed to the members of the Class and expressed a commitment to oversee the prosecution of the action for the Class.  *See* Declaration of Robert Jones, Silk Decl. Ex. C and Declaration of Sandra Elenberg, Silk Decl. Ex. D.  Through those Declarations, the Public Retirement Systems accept the fiduciary obligations each will undertake if they are appointed lead plaintiff in this action.

Moreover, the Public Retirement Systems are the paradigmatic lead plaintiff envisioned by Congress – sophisticated institutional investors with a real financial interest in the litigation.  The Public Retirement Systems are sophisticated public pension systems that manage, on a collective basis, hundreds of millions of dollars in assets.  The Public Retirement Systems are prepared to work together to maximize the recovery for the entire Class and to supervise counsel to ensure the case is handled efficiently and effectively.  *Id.*  The Public Retirement Systems are "precisely the type of sophisticated

institutional investor that Congress and this Court have recognized as being ideally suited to control this type of securities class action litigation." *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006).

The Public Retirement Systems also satisfy the typicality requirements of Rule 23. "The typicality requirement is met when the class representative's claim 'arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory.'" *Hicks v. Morgan Stanley & Co.*, No. 01 Civ. 10071(HB), 2003 WL 21672085, at *2 (S.D.N.Y. July 16, 2003) (internal citation omitted). The Public Retirement Systems' interests are the same as those of other Class members. Like other Class members, the Public Retirement Systems seek to hold Defendants liable for the consequences of their violations of the federal securities laws. Indeed, the events and course of conduct that give rise to the Public Retirement Systems' claims are the same events and course of conduct that give rise to the claims of the Class. There are no facts which indicate any conflicts of interest between the Public Retirement Systems and the other Class members. Because the Public Retirement Systems' claims are based on the same legal theories and arise from the same events giving rise to the claims of other Class members, the typicality requirement of Rule 23 is satisfied.

### C.  The Court Should Approve the Public Retirement Systems' Choice of Co-Lead Counsel

Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, codified at 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is to select and retain lead counsel to represent the Class, subject to Court approval. *In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 264-65 (D.D.C. 2005). "The PSLRA 'evidences a strong presumption in favor of approving a

properly-appointed lead plaintiff's decisions as to counsel selection and counsel retention.'" *XM Satellite Radio*, 237 F.R.D. at 21, quoting *Cendant*, 264 F.3d at 276.

The Miami Retirement Trust has selected and retained the law firm of Bernstein Litowitz and the Oklahoma Firefighters has selected and retained Berman DeValerio. Bernstein Litowitz and Berman DeValerio have worked together in other securities class actions and are prepared to work together here on behalf of the Class.

Bernstein Litowitz is among the preeminent securities class action law firms in the country, having been appointed sole or co-lead counsel in numerous complex securities class actions in this District and around the country. *See, e.g.*, Bernstein Litowitz's Firm Biography attached as Exhibit F to the Silk Decl. Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-CV-3288 (DLC) (S.D.N.Y.), in which settlements totaling in excess of $6 billion – one of the largest recoveries in securities class action history – were recently obtained for the class. Other cases in which Bernstein Litowitz has been recognized as an appropriate lead or co-lead counsel since the passage of the PSLRA, include, for example, *In re Refco, Inc. Securities Litigation*, No. 05 Civ. 8626 (GEL) (S.D.N.Y.) and *In re Nortel Networks Corp. Securities Litigation*, No. 05-MD-1659 (LAP) (S.D.N.Y.) (which recently settled for $2.4 billion). Accordingly, the Court should approve the Miami Retirement Trust's selection of Bernstein Litowitz as Co-Lead Counsel for the Class.

Berman DeValerio is a 36-lawyer firm with offices in San Francisco, Boston and West Palm Beach with extensive experience representing plaintiffs in securities class action litigation. *See, e.g.*, Berman DeValerio's Firm Biography attached as Exhibit G to the Silk Decl. The firm acts as monitoring, evaluation, and/or litigation counsel for some

60 public and Taft-Hartley pension funds, including three of the five largest pension funds in the nation. Berman DeValerio served as counsel to the court-appointed bondholder representatives in the *WorldCom, Inc. Securities Litigation*. More recently, Berman DeValerio served as one of three Co-Lead Counsel with Bernstein Litowitz in the *El Paso Securities Litigation* which resulted in a settlement for the class of $285 million. Accordingly, the Court should approve the Oklahoma Firefighters' selection of Berman DeValerio as Co-Lead Counsel for the Class.

In addition, the Public Retirement Systems have selected the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") as liaison counsel for the Class. Cohen Milstein is a firm of more than 50 attorneys with offices in Washington, D.C., New York, Philadelphia and Chicago with more than 30 years of experience representing plaintiffs in securities class action litigation.

### D.  The Related Actions Should Be Consolidated

The Public Retirement Systems believe the only two securities class actions filed to date relating to the same or similar factual and legal issues are:

| Case Name | Case No. |
|---|---|
| United Food and Commercial Workers Union Local 880—Retail Food Employers Joint Pension Fund, et al.<br>v.<br>Sunrise Senior Living, Inc., et al. | 07-cv-00102 |
| First New York Securities LLC<br>v.<br>Sunrise Senior Living, Inc., et al. | 07-cv-00294 |

These actions present virtually identical factual and legal issues, as they arise out of the same alleged misstatements regarding the Company's violations of the federal securities laws. Accordingly, consolidation is appropriate here. *See Weltz v. Lee*, 199

F.R.D. 129, 131 (S.D.N.Y. 2001) ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.") (citation omitted); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 292.

The complaints in these actions allege the same class period and "rely upon the same series of allegedly false and misleading public statements and omissions." *Olsten*, 3 F. Supp. 2d at 293; *Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004) (consolidation proper where two complaints assert "essentially similar and overlapping claims").

## <u>CONCLUSION</u>

For all the above reasons, the Public Retirement Systems respectfully request that the Court: (i) appoint the Miami Retirement Trust and the Oklahoma Firefighters as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Exchange Act; (ii) approve the Public Retirement Systems' selection of Bernstein Litowitz and Berman DeValerio as Co-Lead Counsel for the Class and their selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as liaison counsel for the Class; (iii) consolidate all related actions; and (iv) grant such other and further relief as the Court may deem just and proper.


Dated: March 19, 2007                          Respectfully submitted,

                                               /s/ Daniel S. Sommers
                                               **COHEN, MILSTEIN, HAUSFELD &**
                                               **TOLL, P.L.L.C.**
                                               Steven J. Toll, D.C. Bar #225623
                                               Daniel S. Sommers, D.C. Bar #416549
                                               Elizabeth S. Finberg, D.C. Bar #468555
                                               1100 New York Ave., N.W.
                                               West Tower, Suite 500
                                               Washington, D.C.  20005-3964

Telephone:  (202) 408-4600
Facsimile: (202) 408-4699
*Liaison Counsel for the Oklahoma*
*Firefighters Pension and Retirement System*
*and Proposed and the City of Miami*
*General Employees' & Sanitation*
*Employees' Retirement Trust and Proposed*
*Liaison Counsel for the Class*


**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Gerald H. Silk
Avi Josefson
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
*Counsel for the City of Miami General*
*Employees' & Sanitation Employees'*
*Retirement Trust and Proposed Co-Lead*
*Counsel for the Class*

**BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO**
Michael J. Pucillo
Jay W. Eng
Esperante Building
222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401
Telephone: (561) 835-9400
Facsimile: (561) 835-0322
*Counsel for the Oklahoma Firefighters
Pension and Retirement System and
Proposed Co-Lead Counsel for the Class*

**KLAUSNER & KAUFMAN, PA**
Robert D. Klausner
10059 N.W. 1st Court
Plantation, FL 33324
Telephone: (954) 916-1202
Fax: (954) 916-1232

*Additional Counsel for the City of Miami
General Employees' & Sanitation
Employees' Retirement Trust*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 880—RETAIL FOOD EMPLOYERS JOINT PENSION FUND, and UNITED FOOD AND COMMERCIAL WORKERS UNION – EMPLOYER PENSION FUND,<br><br>Individually and On Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>        v.<br><br>SUNRISE SENIOR LIVING, INC., PAUL J. KLAASSEN, THOMAS B. NEWELL, BRADLEY R. RUSH, RONALD V. APRAHAMIAN, J. DOUGLAS HOLLADAY, THOMAS J. DONAHUE, WILLIAM G. LITTLE, TERESA M.. KLAASSEN, CRAIG R. CALLEN, and J. BARRON ANSCHUTZ,<br><br>             Defendants. | Case No. 07CV00102 (RBW)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

[Caption continued on following page]

## CERTIFICATE OF SERVICE

| FIRST NEW YORK SECURITIES LLC, | |
| --- | --- |
| Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No. 07CV00294 (RBW) |
| SUNRISE SENIOR LIVING, INC., PAUL J. KLAASSEN, THOMAS B. NEWELL, BRADLEY R. RUSH, RONALD V. APRAHAMIAN, J. DOUGLAS HOLLADAY, THOMAS J. DONAHUE, WILLIAM G. LITTLE, TERESA M.. KLAASSEN, CRAIG R. CALLEN, and J. BARRON ANSCHUTZ, | |
| Defendants. | |
| | DEMAND FOR JURY TRIAL |

I hereby certify that March 19, 2007, true and correct copies of the following documents were served on the parties below via UPS overnight delivery:

1. Notice of Appearance

2. Motion of the City of Miami General Employees' & Sanitation Employees' Retirement Trust and the Oklahoma Firefighters Pension and Retirement System for (1) Appointment as Lead Plaintiffs; (2) Approval of Their Selection of Counsel as Co-Lead Counsel for the Class; and (3) Consolidation of All Related Actions;

3. Memorandum of Law in Support of the Motion of the City of Miami General Employees' & Sanitation Employees' Retirement Trust and the Oklahoma Firefighters Pension and Retirement System for (1) Appointment as Lead Plaintiffs; (2) Approval of Their Selection of Counsel as Co-Lead Counsel for the Class; and (3) Consolidation of All Related Actions;

4. Declaration of Gerald H. Silk in Support of the Motion of the City of Miami General Employees' & Sanitation Employees' Retirement Trust and the Oklahoma Firefighters Pension and Retirement System for (1) Appointment as Lead Plaintiffs; (2) Approval of Their Selection of Counsel as Co-Lead Counsel for the Class; and (3) Consolidation of All Related Actions; and

5. [Proposed] Order.

| | |
|---|---|
| Jonathan W. Cuneo, Esq.<br>CUNEO GILBERT & LaDUCA, LLP<br>507 C Street, N.E.<br>Washington, DC 20002<br>202-789-3960 | Eben O. McNair IV, Esq.<br>SCHWARZWALD & McNAIR LLP<br>616 Penton Media Building<br>1300 East Ninth Street<br>Cleveland, OH 44114<br>216-566-1600 |
| William S. Lerach, Esq.<br>LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS, LLP<br>655 West Broadway, Suite 1900<br>Sand Diego, CA, 92101<br>619-231-1058 | Donald J. Enright, Esq.<br>FINKELSTEIN THOMPSON LLP<br>The Duvall Foundry<br>1050 30th Street, N.W.<br>Washington, DC 2007<br>202-337-8000 |
| Nancy M. Juda, Esq.<br>LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS, LLP<br>1100 Connecticut Avenue, NW, Suite 730<br>Washington, DC 20036<br>202-822-0600 | Vincent J. Cappucci, Esq.<br>ENTWISTLE & CAPPUCCI LLP<br>280 Park Avenue, 26th Floor West<br>New York, NY 10017<br>212-894-7200 |

Roger M. Adelman, Esq.
LAW OFFICES OF ROGER M. ADELMAN
1100 Connecticut Avenue, NW, Suite 730
Washington, DC 20036
202-822-0600

George Henry Mernick, III
HOGAN & HARTSON, L.L.P.
555 13th Street, NW
Washington, DC 20004-1109
(202) 637-5726
Fax: 202-637-5910

/s/ Elizabeth S. Finberg

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| JOHN MIZZARO, on behalf of Himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| HOME DEPOT, INC., ROBERT L. NARDELLI, CAROL B. TOME, KENNETH G. LANGONE, BERRY R. COX, JOHN L. CLENDENIN and LARRY M. MERCER, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

CASE NO.: 1:06-CV-1151 (ODE)

(Captions continued on subsequent page)

**MOTION OF OKLAHOMA FIREFIGHTERS PENSION & RETIREMENT SYSTEM, ALAMEDA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, LABORERS DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND, BUCKS COUNTY RETIREMENT BOARD AND MONTGOMERY COUNTY RETIREMENT BOARD FOR CONSOLIDATION, THEIR APPOINTMENT AS CO-LEAD PLAINTIFFS, AND FOR THE APPROVAL OF THEIR SELECTION OF COUNSEL**

|  |  |
|---|---|
| BRUCE B. BELODOFF, Individually And On Behalf Of All Others Similarly Situated, ) ) ) ) | CASE NO.: 1:06-CV-1349 (ODE) |

BRUCE B. BELODOFF, Individually )   CASE NO.: 1:06-CV-1349 (ODE)
And On Behalf Of All Others Similarly )
Situated, )
                                     )
              Plaintiff, )
                                     )
       v. )
                                     )
THE HOME DEPOT, INC., ROBERT )
L. NARDELLI, CAROL B. TOME, )
KENNETH G. LANGONE, BERRY R. )
COX, JOHN L. CLENDENIN and )
LARRY M. MERCER, )
                                     )
              Defendants. )
                                     )

M. BRAD BICKERSTAFF, On Behalf )   CASE NO.: 1:06-CV-1197 (ODE)
Of Plaintiff and All Others Similarly )
Situated, )
                                     )
              Plaintiff, )
                                     )
       v. )
                                     )
HOME DEPOT, INC., ROBERT L. )
NARDELLI, CAROL B. TOME, )
KENNETH G. LANGONE, BERRY R. )
COX, JOHN L. CLENDENIN and )
LARRY M. MERCER, )
                                     )
              Defendants. )
                                     )

2

PLEASE TAKE NOTICE that on a date and time to be set by the Court, before the Honorable Orinda D. Evans, Chief Judge, at the United States District Court for the Northern District of Georgia, located at 75 Spring Street, S.W., Atlanta, Georgia 30303-3309, Oklahoma Firefighters Pension & Retirement System ("Oklahoma Firefighters"), Alameda County Employees' Retirement Association ("ACERA"), Laborers District Council Construction Industry Pension Fund ("Laborers Pension Fund"), Bucks County Retirement Board ("Bucks County") and Montgomery County Retirement Board ("Montgomery County") (collectively referred to as "the Public Pension Fund Movants") will respectfully move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and LR 23.1C(4), NDGa., for entry of an Order consolidating the above-captioned related actions, appointing the Public Pension Fund Movants as Co-Lead Plaintiffs in the above-captioned actions and approving their choice of Grant & Eisenhofer P.A. and Schiffrin & Barroway, LLP as Co-Lead Counsel and Page Perry, LLC as Liaison Counsel for the Class in this case.

The Public Pension Fund Movants intend to demonstrate that they have the largest financial interest in the relief sought by the Class and, thus, should be appointed Co-Lead Plaintiffs. Oklahoma Firefighters purchased 199,000 shares of

Home Depot common stock during the Class Period expending $8,529,029 on these purchases. ACERA purchased 164,687 shares of Home Depot common stock during the Class Period expending $7,153,881 on these purchases. Laborers Pension Fund purchased 48,515 shares of Home Depot common stock during the Class Period expending $1,782,539 on these purchases. Bucks County purchased 71,175 shares of Home Depot common stock during the Class Period expending $2,656,561 on these purchases. Montgomery County purchased 16,070 shares of Home Depot common stock during the Class Period expending $685,772 on these purchases. As a result of the revelation of Home Depot's misconduct, Oklahoma Firefighters, ACERA, Laborers Pension Fund, Bucks County and Montgomery County suffered losses of $731,937, $3,100,000, $353,000, $193,000 and $185,000, respectively.

The appointment of the Public Pension Fund Movants as Co-Lead Plaintiffs will advance the primary goal of the PSLRA lead plaintiff provisions: to encourage institutional investors with large financial stakes in the outcome of the litigation to assume control over securities class actions. In addition, the Public Pension Fund Movants meet the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of other Class members' claims and because they will fairly and adequately represent the interests of the Class.

4

This motion is based upon this Motion, the accompanying Memorandum of Law in support thereof, the Declaration of Alan R. Perry, Jr. with exhibits filed herewith, the pleadings and other files herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, the Public Pension Fund Movants respectfully request that the Court:  (1) consolidate the above-captioned related actions; (2)appoint the Public Pension Fund Movants as Co-Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Exchange Act, and LR 23.1C(4), NDGa.; (3) approve their selection of Grant & Eisenhofer P.A. and Schiffrin & Barroway, LLP as Co-Lead Counsel and Page Perry, LLC as Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: July 11, 2006

Respectfully submitted,

PAGE PERRY, LLC

By: s/Alan R. Perry, Jr.
    Alan R. Perry, Jr.
    Ga. Bar No. 572508
    1040 Crown Pointe Parkway
    Suite 1050
    Atlanta, Georgia 30338
    Telephone:   (770) 673-0047

*Proposed Liaison Counsel*

5

GRANT & EISENHOFER P.A.
    Jay W. Eisenhofer
    Sidney S. Liebesman
    Charles T. Caliendo
    45 Rockefeller Center, 15th Floor
    630 Fifth Avenue
    New York, New York 10111
    Telephone:  (646) 722-8500
    Facsimile:   (646) 722-8501

SCHIFFRIN & BARROWAY, LLP
    Richard S. Schiffrin
    Stuart L. Berman
    Sean M. Handler
    Robin Winchester
    280 King of Prussia Road
    Radnor, PA 19087
    Telephone:  (610) 667-7706

*Proposed Co-Lead Counsel*