UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

In re SOCIÉTÉ GÉNÉRALE SECURITIES    :    No. 08-CIV-02495 (GEL)
LITIGATION                                            :
_____ : 
                                                              x    <u>CLASS ACTION</u>


PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
EXTRANEOUS MATERIALS RELIED UPON BY DEFENDANTS IN THEIR MOTIONS TO
DISMISS

Plaintiffs submit this reply memorandum in further support of their Motion to Strike Extraneous Materials Relied Upon by Defendants in Their Motions to Dismiss ("Motion to Strike").

## I.    Plaintiffs' Motion to Strike Is Procedurally Proper

Defendants are incorrect in arguing that Plaintiffs' Motion to Strike is procedurally improper "because Fed. R. Civ. P. 12(f) provides no basis for a court to strike documents rather than pleadings." Reply Memorandum of Law (1) in Further Support of the Motion of Defendants Société Générale, Daniel Bouton, Philippe Citerne and Didier Alix to Dismiss the Consolidated Amended Class Action Complaint and (2) in Opposition to Plaintiffs' Motion to Strike and Motion to Partially Lift the PSLRA Discovery Stay ("Defs' Reply") at 43. Plaintiffs' Motion to Strike is not made – as Defendants' incorrectly assume – pursuant to Rule 12(f), which only applies to motions to strike portions of the actual "pleading." *See* Fed. R. Civ. P. 12(f). Here, in moving to strike extraneous materials submitted in connection with Defendants' motions to dismiss, Plaintiffs fully complied with Fed. R. Civ. P. 7(b), which merely requires that any request for a court order by a motion must be "in writing[;] . . . state with particularity the grounds for seeking an order; and . . . state the relief sought." Indeed, district courts within this Circuit routinely entertain and grant this type of motion. *See, e.g.*, *In re Tommy Hilfiger Sec. Litig.*, No. 04-civ-7678, 2007 U.S. Dist. LEXIS 55088, at *2 (S.D.N.Y. July 20, 2007) (granting plaintiffs' motion to strike certain exhibits that were extraneous to defendants' motion to dismiss); *Hollander v. Flash Dancers Topless Club*, 340 F. Supp. 2d 453, 463 (S.D.N.Y. 2004) (granting plaintiffs' motion to strike on a Rule 12(b)(6) motion), *aff'd*, 173 F. App'x 15 (2d Cir. 2006); *In re OPUS360 Corp. Sec. Litig.*, No. 01 Civ. 2938 (JGK)(JCF), 2002 U.S. Dist. LEXIS 18558, at *5 n.3 (S.D.N.Y. Sept. 30, 2002) (same). Accordingly, Plaintiffs' Motion to Strike is procedurally proper.

II.    **Because Judicial Notice of the 24 Exhibits Must Be Limited to the Fact that These Materials Existed (or Were Published) and May Not Be Relied upon for the Truth of Their Content, They Should Be Stricken as Irrelevant**

Under *Tellabs*, while a court is required to "consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff," any inferences supporting or opposing scienter must be "***draw[n] from the facts alleged***." *Tellabs, Inc. v. Maker Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 2509-10 (2007).[1] Here, because Defendants concede that none of these 24 exhibits were referred to or relied upon by Plaintiffs in the Complaint, they contend that a court "may" nevertheless take judicial notice of the documents, although they have never requested that the Court do so. Defs' Reply at 44.

As a threshold matter, Defendants' request should be denied based on their failure to file, in a timely manner, a proper request seeking judicial notice. *See Atlas v. Accredited Home Lenders Holding Co.*, 556 F. Supp. 2d 1142, 1154 (S.D. Cal. 2008) (refusing to take judicial notice of materials that had not been the subject of a proper request).

If, however, the Court is inclined to entertain Defendants' belated request for judicial notice, Defendants' request should be denied nonetheless, as the 24 exhibits at issue are not properly subject to judicial notice. Defendants acknowledge that if the Court is inclined to take judicial notice of the extraneous materials at issue, it may do so solely for the purpose of "'***indicat[ing] what was in the public realm at the time, not whether the contents . . . . were in fact true***.'" Defs' Reply at 44 (quoting *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)). Indeed, two of the cases that Defendants rely upon (Defs' Reply at 44) expressly hold that when taking judicial notice of extrinsic articles, courts may not accept the truth of the matters asserted in those articles.

---

[1]    Emphasis is added and citations are omitted throughout unless otherwise indicated.

*See Benak*, 435 F.3d at 401 n.15 (upholding the district court's decision to take judicial notice of extrinsic newspaper articles because "*[t]hey serve only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true*"); *In re Salomon Analyst Winstar Litig.*, No. 02 Civ. 6171 (GEL), 2006 U.S. Dist. LEXIS 8388, at *14 n.6 (S.D.N.Y. Feb. 28, 2006) ("*It should be emphasized, of course, that the Court does not accept the articles as evidence of the truth of the matters therein asserted. The Court takes judicial notice only of the fact that the articles were published* . . . .").

Moreover, even if the Court were to take judicial notice of the 24 exhibits "'to indicate what was in the public realm at the time, not whether the contents . . . were in fact true,'" then these materials should be stricken as irrelevant. Defs' Reply at 44 (quoting *Benak*, 435 F.3d at 401). The mere existence or publication of these materials fails to provide "plausible, nonculpable explanations for [D]efendants' conduct" under the *Tellabs* standard. 127 S. Ct. at 2509-10; *see also Tommy Hilfiger*, 2007 U.S. Dist. LEXIS 55088, at *14 (*granting plaintiffs' motion to strike extraneous articles because "[t]he fact of their publication alone is irrelevant*").

Nor is the court's opinion in *Bausch & Lomb, Inc. Sec. Litig.*, 592 F. Supp. 2d 323, 339 (W.D.N.Y. 2008), instructive here. In *Bausch & Lomb*, the court considered several e-mails submitted by defendants in connection with their motion to dismiss because – unlike any of the 24 exhibits at issue here – the e-mails were "*integral to and explicitly relied on in the complaint*." *Id.* at 338. The court in *Bausch & Lomb* also clearly held that "*such documents may not be considered to establish the truth of the matters asserted in them*." *Id.* In *Bausch & Lomb*, the court also held that it could take judicial notice of the transcript of a video interview because "*plaintiffs d[id] not dispute the accuracy of the transcript*." *Id.* at 339 n.20. Under the plain letter of Fed. R. Evid. 201, judicial notice is not appropriate where the fact at issue is subject to dispute. *See* Fed. R. Evid. 201

(providing that judicial notice of adjudicative facts can only be taken if facts are "not subject to reasonable dispute").  Here, because the extraneous materials at issue are subject to reasonable dispute, they are not the proper subject for judicial notice.  *See, e.g.*, Motion to Strike at 6 (offering articles that dispute the veracity of two articles Defendants' submitted concerning Kerviel's trading).

## III.     The Gardella Declaration Must Be Stricken

Defendants' submission of the Declaration of Gérard Gardella constitutes another improper attempt to challenge Plaintiffs' allegations using "facts" that are clearly outside the pleadings.  In the context of a Rule 12(b)(6) motion to dismiss, declarations, such as the one submitted by Gardella, are completely inappropriate and should not be considered by the Court.  *See, e.g.*, *Watson v. Consol. Edison of N.Y.*, 594 F. Supp. 2d 399, 405 n.1 (S.D.N.Y. 2009) (refusing to consider defendant's affidavit in ruling on Rule 12(b)(6) motion to dismiss, holding that it was only permitted to consider "the allegations on the face of the Complaint, along with such documents as [were] incorporated by reference in the Complaint or necessarily relied upon by plaintiffs in bringing [the] action").[2]  At minimum, if the Court were to allow the Gardella Declaration to come into the record, Plaintiffs should be afforded the opportunity to depose and cross-examine Mr. Gardella and to complete all related jurisdictional discovery.

---

[2]     Moreover, if the Court elects to consider the Gardella Declaration in determining Defendants' Rule 12(b)(1) and 12(b)(2) jurisdictional motions, it should only consider those portions of the Gardella Declaration that are relevant to that jurisdictional determination, striking all other portions of the Gardella Declaration that are unrelated to jurisdictional issues.  *See, e.g.*, *Watson*, 594 F. Supp. 2d at 405 n.1 (considering defendants' affidavit only for purposes of determining defendants' Rule 12(b)(1) motion, while considering only "the allegations on the face of the Complaint" in deciding defendants' Rule 12(b)(6) motion).

**IV.    If the Court Considers Any of the Extrinsic Documents, Defendants' Motions to Dismiss Should Be Converted to Motions for Summary Judgment**

If this Court decides to consider any of the extraneous materials at issue by this motion, Rule 12(b) requires that Defendants' motions to dismiss be converted to Rule 56 motions for summary judgment, and Plaintiffs should be provided with "an opportunity to conduct necessary discovery and to submit pertinent material." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *see also Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) ("the conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is 'strictly enforce[d]' and 'mandatory'") (quoting *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999)).

**V.    Conclusion**

For the foregoing reasons, as well as for the reasons set forth in Plaintiffs' Motion to Strike, Plaintiffs respectfully request that the Court strike from the record the Gardella Declaration and the exhibits attached to the Musoff Declaration.

DATED:  April 20, 2009                    Respectfully submitted,

                                                  COUGHLIN STOIA GELLER
                                                    RUDMAN & ROBBINS LLP
                                                  PATRICK J. COUGHLIN
                                                  THEODORE J. PINTAR
                                                  RYAN A. LLORENS
                                                  JESSICA T. SHINNEFIELD


                                                  _____
                                                       s/ THEODORE J. PINTAR
                                                      THEODORE J. PINTAR

                                                  655 West Broadway, Suite 1900
                                                  San Diego, CA  92101
                                                  Telephone:  619/231-1058
                                                  619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
RANDI D. BANDMAN
52 Duane Street, 7th Floor
New York, NY 10007
Telephone: 212/693-1058
212/693-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MICHAEL F. GHOZLAND
SEAN K. COLLINS
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

Lead Counsel for Plaintiffs

S:\CasesSD\Societe Generale_SocGen\BRF00058997.doc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 20, 2009.

s/ THEODORE J. PINTAR
THEODORE J. PINTAR

COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:TedP@csgrr.com

# Mailing Information for a Case 1:08-cv-02495-GEL

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randi Dawn Bandman**
  randib@csgrr.com

- **Elizabeth Ann Berney**
  eberney@cohenmilstein.com,tgraham@cohenmilstein.com

- **Kent Andrew Bronson**
  kbronson@milberg.com

- **Robert Samuel Cohen**
  rcohen@kirkland.com,kenymanagingclerk@kirkland.com

- **Sean Kennedy Collins**
  scollins@csgrr.com

- **Michael Fred Ghozland**
  mghozland@csgrr.com

- **Mark C. Holscher**
  mholscher@kirkland.com

- **Bryan Joshua Levine**
  bryan.levine@skadden.com

- **Ryan A. Llorens**
  ryanl@csgrr.com,jshinnefield@csgrr.com

- **Joseph Andrew Matteo**
  jmatteo@skadden.com

- **Scott D. Musoff**
  smusoff@skadden.com

- **James Stuart Notis**
  jnotis@gardylaw.com

- **Theodore J. Pintar**
  tedp@csgrr.com,karenc@csgrr.com,e_file_sd@csgrr.com

- **Ira M. Press**
  ipress@kmllp.com

- **David Avi Rosenfeld**
  e_file_ny@csgrr.com,drosenfeld@csgrr.com

- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com

- **Joseph Serino , JR**
  jserino@kirkland.com,kenymanagingclerk@kirkland.com

- **Joseph Harry Weiss**
  jweiss@weisslurie.com,infony@weisslurie.com

- **George Abraham Zimmerman**
  gzimmerm@skadden.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

`New Jersey Carpenters Annuity And Pension Funds`
`'`